THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES WRIGHT, Appellant.

First Department, October 23, 1962.

*Burton Bach* for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* The defendant was charged with the crime of manslaughter in the first degree by reason of his having fatally stabbed a woman with whom he had been living. The defendant's

defense was predicated solely upon the position taken by him that the stabbing had occurred accidentally when the deceased — a rather large woman — pushed him and fell to the floor with him while he had a knife in his hand. That being his defense it was the only one that should have been submitted to the jury for its consideration. However, the charge of the court instructed the jury as to the elements of the defense of justifiable homicide as well as those of the defense of excusable homicide. Counsel for the defendant excepted to such charge and now urges it as a ground for reversal.

By such instruction the court erroneously gave the jurors an issue to consider which was not in the case (cf. *People* v. *Leis,* 13 A D 2d 22, 27). The defenses of justifiable homicide and excusable homicide are mutually exclusive, the former contemplating an intentional act leading to death while the latter negatives such intention. If the jury gave any consideration to the charge of the court with respect to justifiable homicide it must have found no merit to such defense because of the complete absence of any proof to support it. Such a finding by the jury could very well have had an effect prejudicial to the defendant in its consideration of the defense of excusable homicide.

There is another ground for reversal urged by the defendant. The detective and the stenographer testified with respect to a statement alleged to have been given by the defendant at the police station after his arrest and in the presence of an Assistant District Attorney. The defendant put in issue the correctness of this statement as testified. Referring to the issue thus raised the trial assistant in his summation stated as follows: " As a matter of fact, it is a little embarrassing, because I happened to be the Assistant District Attorney. The stenographer told you that, the detective told you that, I happened to have been the District Attorney who questioned him in the station house. I happen to be the one, it is unusual, but I am the one to whom the case was assigned and I put the stenographer on the stand and by so doing I vouched for his integrity." A motion made for a mistrial, based upon these remarks, was denied.

It is only in a strictly legal sense that a party offering a witness " vouches " for the credibility of such witness. The legal effect of such vouching is to impose certain limitations on the right of the party to impeach his own witness (see *Thompson* v. *Blanchard,* 4 N. Y. 303; Richardson, Evidence [8th ed.], § 520). The rule does not contemplate that a District Attorney may by reason of his official position and personal knowledge of the facts certify that the witness is telling the truth. By making this statement the trial assistant was not only certifying — with

the prestige of his official position behind such certification — that the stenographer's testimony was truthful and that of the defendant was a fabrication but he was in effect himself testifying. That he had no right to do in summation. We hardly need point out that such "testimony" could not be subject to cross-examination. True, the court in its charge attempted to offset the trial assistant's impropriety in this regard but the attempt to do so could not cure the prejudice flowing from such statement.

In the light of the improper charge coupled with the improper statement of the prosecutor in summation a new trial must be ordered.

Accordingly the judgment should be reversed, on the law, and a new trial ordered.

Botein, P. J., Breitel, Rabin, McNally and Eager, JJ., concur.

Judgment of conviction unanimously reversed upon the law, and a new trial ordered.