THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PETRUCELLI, Appellant.

First Department, March 14, 1974.

*Edward Gasthalter* of counsel (*Gasthalter & Pollok,* attorneys), for appellant.

*Daniel J. Sullivan* of counsel (*Mario Merola, District Attorney*), for respondent.

*Per Curiam.* Viewed in its context with the entire case (*United States* v. *Socony-Vacuum Oil Co.,* 310 U. S. 150, 240), the prejudicial and sometimes unethical conduct of the prosecuting attorney has nullified this conviction. While cross-examining a principal defense witness, he remarked, "I don't have to believe him. I believe Joan" (the principal prosecution witness). His summation called the defendant and a defense witness, and by implication all of the defense witnesses, a "bunch of thieves". The expression by a prosecutor of his personal opinion of the witnesses' credibility is improper (*People* v. *Wright,* 17 A D 2d 151; Code of Professional Responsibility, EC 7-24). His summation prejudicially attempted to place upon the defense the burden of proving that one "Ray" was on the scene and could conceivably have been the killer. (See *People* v. *Christman,* 23 N Y 2d 429; *People* v. *Mirenda,* 23 N Y 2d 439.) He asked questions designed to influence the jury regardless of the content or admissibility of the answers. One series suggested that the prosecution witness Joan had been intimidated in the halls of the courthouse when all she could

answer was that she had been given "a dirty look". (See Code of Professional Responsibility, DR 7–106, subd. [C], par. [1].) Another question suggested that the defendant's former counsel had "walked out on this defendant", implying to the jury that the counsel knew that his client was guilty, when in fact he had withdrawn by court order. (See Code of Professional Responsibility, DR 7–106, subd. [C], par. [2].) Such questions are prejudicial (*People.* v. *Malkin,* 250 N. Y. 185). These instances are only illustrative of the prosecutor's misconduct throughout the trial. Among others, he argued to the jury from facts not in evidence and attempted to influence them into believing that this was a gangland killing by descending to gangster idiom in his summation. This is not the sum of harmless errors equalling harmless error (see *People* v. *Kingston,* 8 N Y 2d 384) ; it is an erosion of the corrective efforts of the court by the cumulative effect of prejudicial conduct (*People* v. *Gould,* 25 A D 2d 160). It is no justification that these may have been unpremeditated outbursts of ardent advocacy. A prosecutor's performance, aimed at justice and not a conviction, must reflect self-discipline (*United States* v. *White,* 486 F. 2d 204; Code of Professional Responsibility, EC 7–13). In the light of our determination that there must be a new trial, we deem it unnecessary to reach the other issues presented on this appeal.

The judgments convicting defendant of manslaughter in the first degree and possession of a weapon as a felony should be reversed, on the law and in the interests of justice, and a new trial granted.

MARKEWICH, J. P., STEUER, TILZER, LANE and LYNCH, JJ., concur.

Two judgments of the Supreme Court, Bronx County, each rendered on July 6, 1973, convicting defendant of manslaughter in the first degree and possession of a weapon as a felony, unanimously reversed, on the law and in the interests of justice, and a new trial directed.