642

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILFREDO RIVERA, Appellant.— Judgment rendered in the Supreme Court, Bronx County, on July 27, 1973 convicting defendant after trial of attempted robbery in the first degree, attempted grand larceny in the third degree and possession of a weapon as a felony, and sentencing him to concurrent indeterminate terms of imprisonment of 10 years on the robbery charge, three years on the weapons charge and a conditional discharge on the attempted grand larceny charge, unanimously modified, on the law, to the extent of reversing the convictions on the weapon and the attempted grand larceny counts and dismissing those counts of the indictment and, as so modified, the judgment is affirmed. The District Attorney concedes that the verdict of guilty on the attempt to commit the crime of robbery in the first degree count, upon the facts in this case, necessarily required dismissal of the lesser included concurrent counts of possession of a weapon and larceny. The counts of robbery, possession of a weapon and attempted grand larceny on this record should have been submitted in the alternative. A verdict of guilty on the attempted robbery count entitled the defendant to a dismissal of the lesser counts submitted as inclusory concurrent counts. (See CPL 300.40, subd. 3, par [b]; *People* v. *Pyles*, 44 A D 2d 784; and *People* v. *Marfisi*, 42 A D 2d 948.) We have examined the other points raised by appellant and find them without merit. The credibility of the witnesses was for the jury. We are bound by the verdict which was not against the weight of the evidence. (See *People* v. *Regina*, 19 N Y 2d 65 and *People* v. *White*, 2 N Y 2d 220.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Yesawich, JJ.

■ PLAZA HOTEL ASSOCIATES et al., Respondents-Appellants, v. WELLINGTON ASSOCIATES, INC., Appellant-Respondent.— Order and judgment (one paper) of Supreme Court, New York County, entered March 2, 1973, *inter alia*, declaring the value of certain land as of October 1, 1965, to be $18,500,000, unanimously modified, on the law and on the facts, to the extent of reducing the value of such land to $11,500,000, and otherwise affirmed, without costs or disbursements. After the original appraisal of the land in issue was set aside because of the failure of the appraisers to use the correct date and to value the land as restricted to lease uses (*Plaza Hotel Assoc.* v. *Wellington Assoc.*, 55 Misc 2d 483, affd. 28 A D 2d 1209, affd. on opn. at Special Term, 22 N Y 2d 846), the parties invested the court with power to fix the value of the raw land and of the land as improved by the Plaza Hotel, as of the appropriate date. On consent, a referee was appointed to hear and report. Each side offered appraisal testimony in support of its respective position. The value of the land is critical since it determines the rent payable to defendant, as well as the proportionate share of taxes to be borne by it. The history of the transaction and the need for valuation appear in the comprehensive opinions of Special Term (see 55 Misc 2d 483 and 73 Misc 2d 6) and in the dissenting memorandum of Chief Judge Breitel (22 N Y 2d 846) and requires no repetition here. In our view the defendant's experts failed to give any significance to the purchase price paid by defendant for the option to acquire its one-half interest in the land ($4,910,410.50); and Special Term failed to accord it controlling significance, particularly in view of its finding (which we affirm) that the underlying transaction was made at arm's length between two sophisticated real estate operators. Upon the record before us, we find insufficient support for a land valuation in excess of the amount above indicated. Settle order on notice. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Lane, JJ. [73 Misc 2d 6.]