■ HELEN T. KILEY, Respondent, v EDWARD A. KILEY et al., Appellants. —Order, Supreme Court, Bronx County, entered February 4, 1975, striking defendants' defense and counterclaim (with leave to replead), unanimously reversed, on the law, and said defense and counterclaim reinstated, without costs or disbursements. Though inartfully drawn, the answer interposed by defendant Edward A. Kiley demands a judgment of divorce from his wife, the plaintiff, who is seeking a judgment declaring her husband's Haitian divorce invalid. Under such circumstances, the defendant husband is not estopped from requesting such relief (Stevens v Stevens, 273 NY 157) or precluded from alleging alternative defenses. (CPLR 3014.) Concur—Kupferman, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FREYTES, Appellant.—Judgment of conviction, Supreme Court, Bronx County, rendered April 5, 1973, unanimously reversed, on the law and in the interest of justice and the exercise of discretion, and the case remanded for a new trial. Defendant-appellant, charged with felony murder and related crimes, did not have a fair trial. There were three outstanding errors, and, since the sum of the prejudice of all three makes a new trial necessary, it is not required that each be evaluated separately, as to its possible prejudicial weight. A police sergeant was permitted to bolster the identification testimony of two eyewitnesses by his description of how they selected photographs from amongst a group submitted to them for examination, and also of how their statements to a police artist contributed to the making of a sketch of a wanted suspect. A knife, concededly unrelated to the subject crime, was received in evidence and referred to in the prosecutor's summation, as was the sergeant's testimony bolstering the identification. Testimony was also permitted to be given of the irrelevant fact that the victim of the crime had been a mild mannered person. The sum of error requires a new trial. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.

■ GRUNTAL & CO., Respondent, v ELAINE HYMAN, Appellant.—Order, Supreme Court, New York County, entered October 11, 1974, unanimously reversed, in the exercise of discretion, the motion to set aside a judgment on inquest granted to the extent of restoring the cause for trial, with $60 costs and disbursements to abide the event. Defendant-appellant was in court on a July day, and her attorney stated she was too ill to proceed to trial and requested an adjournment. The application was summarily denied, the court characterizing the illness as feigned, and she was directed to proceed to trial before another Judge. She refused to do so on the same ground, and inquest was taken. The affidavit of merit is sufficient, the judgment not being based on a default in the usual sense. A medical certificate is found in the motion papers. There can be no prejudice to plaintiff, and there will be no undue burden on the court because the trial will apparently be short. In the circumstances, denial of the motion was improvident. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.