■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant.—Judgment, Supreme Court, New York County, rendered May 29, 1974, convicting defendant, after a jury trial, of assault in the first degree (two counts) and of possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing defendant's conviction of possession of a weapon, vacating the sentence imposed thereon and dismissing said count of the indictment. Except as so modified, said judgment is affirmed. As the People concede, under the facts of this case defendant's possession of a weapon is an inclusory concurrent count of assault in the first degree. Accordingly, defendant's conviction of assault entitled him to dismissal of the lesser crime charged. (People v Rivera, 46 AD2d 642.) Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Nunez, JJ.

■ SADIE SIEGEL et al., Appellants, v ZARO BAKE SHOP, INC., Respondent.—Judgment, Supreme Court, Bronx County, entered September 2, 1975 and resettled judgment entered November 12, 1975, on jury verdict for defendant, are unanimously affirmed, without costs and without disbursements. The case presented factual issues as to negligence which the jury resolved against the plaintiffs. Plaintiffs complain that the Judge unduly and repetitiously stressed the issue of contributory negligence. But the jury stated that it found "no fault on the part of Zaro Bake Shop, Inc." i.e., its verdict was based on lack of negligence by the defendant rather than contributory negligence by plaintiff wife. While at one point the Judge improperly stated that the evidence in plaintiffs' favor must outweigh "to a reasonable degree" the evidence in defendant's favor, the Judge in all the other references to preponderance referred merely to "a fair preponderance of the credible evidence" which is a common formulation of the plaintiff's burden. The Judge apparently thought the two phrases were synonymous. We do not think that this one use of the phrase "to a reasonable degree" can fairly be said to have resulted in a verdict for defendant which would not have resulted without that phrase. Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.