John **PETRUCELLI,** Petitioner,

v.

Phillip **COOMBE, Jr.,** Superintendent, Respondent.

CIV–80–1056C.

United States District Court, W.D. New York.

Sept. 7, 1983.

Robshaw & Abramowitz, Buffalo, N.Y. (Phillip B. Abramowitz, Buffalo, N.Y., of counsel), for petitioner.

Robert Abrams, Atty. Gen., State of N.Y. (David Fromm, Asst. Dist. Atty., New York City, and Patrick O. McCormack, Asst. Atty. Gen., Buffalo, N.Y., of counsel), for respondent.

CURTIN, Chief Judge.

Although on August 3, 1982, this court conditionally granted Petrucelli's request for relief pursuant to 28 U.S.C. § 2254, the order permitted a stay of the entry of judgment upon request by the respondent to offer evidence on the prosecutor's motive for his conduct at the petitioner's original criminal trial. *Petrucelli v. Smith,* 544 F.Supp. 627 (W.D.N.Y.1982). Respondent made such request, and a hearing was held October 5, 1982, to develop the record on this point.

Additionally, respondent has moved this court to reconsider the August, 1982, decision on grounds of exhaustion and harmless error.

The procedural and factual history of this case has been outlined in *Petrucelli, supra,* which is now incorporated by reference. However, a brief summary of the October hearing testimony must precede discussion of the applicable law.

I.

*Prosecutorial Misconduct*

The prosecutor in the original trial, Irwin Goldsmith, testified; so also did the prosecutor in Petrucelli's subsequent trial, Helen Johnson. The only other testimony was given by Joseph Klempner, Petrucelli's defense attorney in the original trial.

Goldsmith had been with the Bronx County District Attorney's Office from 1946 until 1975, when he retired. For his last 12 or 14 years of employment there, he had been Chief of the Homicide Bureau. Goldsmith estimated that of the hundreds of criminal cases that he prosecuted, about 90 percent of those criminal defendants were convicted. Furthermore, none of his cases ever resulted in a mistrial.

During the course of the hearing, Goldsmith gave understandable explanations for each of the trial instances identified by the petitioner as objectionable behavior. Even if the Appellate Division and this court find that those comments amounted to prosecutorial misconduct, the Supreme Court has explicitly cautioned that the double jeopardy bar will not be invoked unless that conduct is both intentional and in bad faith. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982); *United States v. Singleterry,* 683 F.2d 122 (5th Cir. 1982). The *Kennedy* court noted further that the double jeopardy rule under these circumstances was to prevent a prosecutor from improperly seeking a more favorable opportunity to convict. *Kennedy, supra* 102 S.Ct. at 2090 n. 8, 2091.

The court cannot find, after an examination of the record, including the testimony at the hearing, bad faith on the part of the prosecutor. It does not appear that he intentionally attempted to improve his chances for a conviction at a subsequent trial by causing a mistrial. The facts do not warrant a double jeopardy bar of Petrucelli's second trial.

It must be added that the Appellate Division, First Department, avoided any finding of overt intention on the part of the prosecutor to provoke a motion by the defense for a mistrial. Rather, the court addressed Mr. Goldsmith's lack of "self-discipline." *People v. Petrucelli,* 44 A.D.2d 58, 59, 353 A.2d 194 (1st Dept.1974).

It is true, as previously stated in this court's *Petrucelli, supra,* opinion, at 633,

that "the applicability of the prosecutorial misconduct-based double jeopardy doctrine should not be made to hinge on the outcome of a defendant's mistrial motions." It is immaterial whether the mistrial motion was granted or denied; rather, the importance for purposes of federal court application of the double jeopardy bar is whether the prosecution has attempted to improve his chances of obtaining a conviction by intentionally contriving a mistrial.

Although this court specifically found that "the prosecutor deliberately provoked Petrucelli into requesting a mistrial," *id.* at 638, that conclusion was founded upon an incomplete record. For example, the fact that Albert Rossi "provided the sole evidence directly connecting Petrucelli to Gernie's murder" at the second trial but never testified at the first trial strongly persuaded this court that the prosecution had sought a second opportunity to introduce that evidence. In fact, Helen Johnson testified at the hearing that Rossi was unknown to the District Attorney's Office until 1974, after the completion of the first trial. Finally, this court's finding was "contingent upon the outcome of the evidentiary hearing . . . ." *Id.* at 645.

In sum, the record does not support a finding that the second trial violated Petrucelli's fifth amendment rights.

## II.

*Moresco Evidence Claim*

■ Upon reconsideration of the contested introduction of evidence related to the death of Liberto Moresco, this court finds that fifth amendment collateral estoppel provisions of the double jeopardy clause do not apply where issue preclusion, rather than retrial, is the case. *United States v. Keller,* 624 F.2d 1154, 1159 (3d Cir.1980). Since the prosecutor in the second trial never put the issue of criminal responsibility for Moresco's death before the jury, there can be no violation of Petrucelli's fifth amendment rights by the inclusion of evidence regarding Moresco's death.

Respondent argues that it was necessary for the prosecution to dispel the possibility of any criminal liability on the part of Mor-

esco for the other killings. Consequently, for example, evidence about Moresco's gun and ammunition was necessary. Finally, acquittal in the first trial left these and other facts undetermined, so their introduction at the second trial was both logical and proper.

Even if the permission to introduce that evidence or the very limiting jury instructions was in error, in view of the otherwise very strong evidence in favor of conviction, the inclusion and instructions constitute harmless error. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

This court must find that "'there is a reasonable possibility that the evidence complained of might have contributed to the conviction' . . . [an error in its admission] cannot . . . be conceived of as harmless." *Kampshoff v. Smith,* 698 F.2d 581, 587 (2d Cir.1983), *quoting Chapman* 386 U.S. at 23–24, 87 S.Ct. at 827–828. However, where "the other competent evidence of guilt is overwhelming," inadmissible evidence which contributed to a defendant's conviction may be harmless. *Id.* The only limitation noted in *Kampshoff* identifies errors of "constitutional" proportion. Inclusion of testimony relating to the death of Moresco does not reach those proportions.

■ In view of Rossi's testimony that Petrucelli confessed to the crime, added to the other witness testimony, any pointed references to the death of Moresco cannot be construed as prejudicial error. *See also Solina v. United States,* 709 F.2d 160, at 165 (2d Cir.1983).

## III.

*Exhaustion*

■ In view of this court's disposition on the merits, it seems unnecessary to review the issue of exhaustion. However, the respondent has raised an important defense on the present motion. Defense attorney Klempner testified that some very explicit statements about provoking a mistrial were made off the record by Goldsmith. Since Klempner neglected to make those comments part of the record, they were never

before the state court. Respondent now argues that the unannounced introduction of these facts at the hearing warrants dismissal under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, under the more liberal directions of the United States Court of Appeals for the Second Circuit in *Daye v. Atty. Gen. of State of N.Y.,* 696 F.2d 186, 194 (2d Cir. 1982), the introduction of the subject matter and legal theory at the state court level permits address by this court.

Finally, the respondent argues that the collateral estoppel Moresco evidence claim was never fairly presented to the state court and hence does not deserve this court's attention, absent the requisites of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Again, to the extent that these claims invoke rights protected by the fifth amendment, this court is at liberty to weigh those arguments.

For all these reasons, this court's prior decision is revised to comport with this order, and the petition is dismissed.

So ordered.