Memorandum. Judgment of conviction unanimously reversed on the law and in the exercise of discretion in the interest of justice and new trial ordered.
Defendant was indicted for grand larceny in the third degree and burglary in the third degree. After a nonjury trial, he was convicted of criminal trespass in the third degree in violation of section 140.10 of the Penal Law, a class B misdemeanor. The defendant was charged in a multiple count indictment and the trial court, prior to permitting summation, failed to "designate and state upon the record the counts upon which it will render a verdict” as mandated by CPL 320.20 (subd 5). In view of the foregoing, the judgment is reversed.
Apart from the above, we find no merit to the contention that the written statement obtained from defendant by the *300 police was improperly admitted into evidence (People v Tanner, 30 NY2d 102).
It is noted that defendant made a posttrial motion to set aside the verdict because of the court’s failure to advise him prior to summation that the court was considering the lesser included offense upon which he was ultimately convicted. He contends that he was deprived of the opportunity to address the court on such charge during summation.
In Herring v New York (422 US 853) the Supreme Court of the United States concluded that contrary to CPL 320.20 (subd 3), which gives the trial court discretion in permitting the parties to deliver summations, a defendant has a constitutional right to summation in a nonjury trial. In accordance with this ruling; Bartlett, J., the State Administrative Judge, informed the Judges in the State of the right of criminal defendants to summation in nonjury trials (NYLJ, Aug. 7, 1975, p 1, col 3). This decision, together with Barlett, J.'s direction, removed the statutory discretion of the court.
In the case at bar, which was decided prior to the Herring case (supra), the court presumably in its discretion permitted summation. As previously noted, the court failed to comply with the "designation” provision of CPL 320.20 (subd 5). This statute also provides that the trial court must be governed, so far as appropriate and practicable, by CPL article 300 which applies to jury trials.
CPL 300.10 (subd 3) states that the court must inform the parties prior to summation of its determination of the counts contained in the indictment which the jury is to consider. Moreover, in defining "submission of a count” [to the jury], CPL 300.30 (subd 1) states that it means submission of the offense charged in the accusatory instrument or "of a lesser included offense, or submission in the alternative of both the offense charged and a lesser included offense or offenses.”
It is our opinion that, since a defendant in a nonjury case is entitled to deliver a summation as a matter of constitutional right, prior to summation he should be apprised by the trial court of the designated counts and/or the lesser included offenses which it will consider in rendering a verdict so that the right to summation shall be meaningful and effective.
Concur: Hogan, P. J., Glickman and Farley, JJ.