■ BARBARA SARNICOLA, Respondent, v VINCENT SARNICOLA, Appellant. —In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Queens County, entered July 7, 1975, which (1) denied his motion to modify a prior judgment of divorce and (2) granted plaintiff's cross motion to the extent, *inter alia,* of (a) directing the entry of a money judgment for the amount of arrears in the payment of alimony, child support and counsel fees pursuant to the said prior judgment and (b) awarded a counsel fee in the amount of $150 to plaintiff. Order reversed, without costs, and action remanded to Special Term for a hearing in accordance herewith. In the light of defendant's allegation of drastically changed financial circumstances, Special Term acted improvidently in not holding a hearing to determine his current financial situation and the needs of plaintiff and the child (see *Espejo v Espejo,* 41 AD2d 555; cf. *Matter of Hunter v Hunter,* 41 AD2d 772; *Berg v Berg,* 48 AD2d 873). Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SEXTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 7, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment modified as to the conviction, on the law and the facts, by reducing it to one of criminal facilitation in the first degree; as so modified, judgment affirmed as to the conviction; judgment reversed as to the sentence and case remanded to Criminal Term for resentence. In our opinion, the evidence was legally insufficient to establish defendant's guilt of the crime of criminal sale of a controlled substance in the third degree. However, the proof adduced at trial was sufficient to establish his guilt of criminal facilitation in the first degree (Penal Law, § 115.05). Accordingly, we have modified the judgment by reducing the conviction to one of criminal facilitation in the first degree and have remanded the case to the trial court for resentence. Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.