■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MOODY, Appellant.—Defendant appeals from a judgment of the Supreme Court, Richmond County, rendered January 18, 1973, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered as to the charge of assault in the second degree. As candidly conceded by the District Attorney in his brief, the failure of the trial court to inform counsel, prior to summation, that it intended to consider assault in the second degree as a lesser included offense was reversible error necessitating a new trial as to that charge (see *People v Jack,* NYLJ, Dec. 18, 1975, p 13, col 4). Hopkins, Acting P. J., Latham, Cohalan, Margett and Hawkins, JJ., concur.

## THIRD DEPARTMENT, MAY, 1976
## (May 6, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE INGRAM, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered June 25, 1975, convicting defendant on his plea of guilty of criminal sale of a controlled substance in the third degree. Defendant raises two issues on this appeal neither of which has merit. The periods of delay between the time of defendant's arrest on November 4, 1974 and his plea on June 17, 1975 which are the basis of his first argument were not significant in extent and there is no allegation that any delay alleged herein was the result of the failure of the People to be ready for trial (CPL 30.30). Additionally, there has been no demonstration that he has been prejudiced by the alleged delays (see *People v Imbesi,* 38 NY2d 629). We find no basis for defendant's remaining contention, based upon the claimed involuntariness of the plea. Defendant's plea was in satisfaction of a three-count indictment. At the time the plea was entered, defendant responded to the inquiry of the court by stating that the only promise made to him in connection with the plea was the agreement of the People to recommend the minimum sentence. He also admitted selling a narcotic drug for the sum of $20. Defendant received the minimum sentence, just as promised. The record of the plea and sentence proceedings fully justifies acceptance of the plea *(People v Selikoff,* 35 NY2d 227). Judgment affirmed. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.