■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL RAMOS, Appellant.—Judgment of the Supreme Court, Bronx County, rendered January 16, 1976, convicting defendant of the crimes of murder in the second degree and possession of a weapon as a felony and sentencing him to concurrent terms of 20 years to life and a maximum of seven years, respectively, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, the sentences vacated, and a new trial directed on the counts charging those crimes. The failure of the trial court to inform counsel, prior to summation, that it intended to consider the crime of manslaughter in the first degree (which it did consider), was reversible error. (People v Moody, 52 AD2d 959; CPL 300.10, subd 3; 300.30, subd 1; 320.20, subd 5; see People v Skinner, 57 AD2d 785.) In addition, the trial court's failure to consider self-defense was error (Penal Law, § 35.15). There was evidence that, immediately prior to the fatal shooting, deceased stood in the only doorway to the office with knife in hand, insulted and threatened defendant. Because there was no finding that defendant possessed a weapon prior or subsequent to the shooting, we leave to the trial court the disputed issue as to whether defendant was in possession of a weapon at a time other than the shooting, in which event the possession charge would not be a lesser included charge (CPL 300.40, subd 3, par [b]) and thus not subject to dismissal (see People v Ridout, 46 AD2d 643; People v Colon, 46 AD2d 624). In view of this disposition, there is no need to discuss the other points raised by defendant. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.

■ WILLIAM SASS et al., Respondents, v JUAN A. OCASIO et al., Defendants; AETNA CASUALTY AND SURETY CO., Appellant, and NATIONWIDE INSURANCE CO. et al., Respondents.—Judgment, Supreme Court, Bronx County, entered January 14, 1977, declaring that a policy issued by defendant-appellant Aetna to defendant Calderon had not been effectively canceled, unanimously reversed, on the law, and judgment granted in favor of defendant-appellant Aetna declaring to the opposite effect, without costs and without disbursements. The statutory notice requirements (Banking Law, § 576; Vehicle and Traffic Law, § 313), having been adopted for the protection of an assured when a carrier cancels or fails to renew coverage, have no application to the case before us. This cancellation was initiated by defendant Calderon, owner of the covered car, and the proof showed repayment to her of the unearned premium. These two parties to the contract effectively canceled it by their own agreement, of which no one else was entitled to notice. The parties may therefore proceed on the basis that Calderon owned an uninsured car at the time of the accident. The motion to accept the letter attached to the complaint is granted. Settle order on notice providing for declaratory relief. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.