THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABE HENDY, Appellant.

First Department, November 9, 1978

### APPEARANCES OF COUNSEL

*Bennett M. Epstein* for appellant.

*Jerrold Tannenbaum* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

### OPINION OF THE COURT

EVANS, J.

Defendant, a construction plans examiner for the department of buildings, was charged with receiving sums of money from a construction company over a period of time, and charged with three counts of bribe receiving second degree, three counts of receiving reward for official misconduct and one count of receiving unlawful gratuities, the latter referring to his alleged acceptance of a "Christmas present" in December, 1973. Prior to trial the three counts of receiving reward for official misconduct were dismissed. An employee of a contruction company had been co-operating with the department of investigation and had been equipped with a concealed

tape recorder. On March 1, 1974, he met with defendant and asked that certain plans be approved and the dialogue was recorded on the tape.

At the trial the jury heard the recording of the March 1 transaction. Before the conclusion of the People's case, the court asked the parties if they wanted a charge of receiving unlawful gratuities to be included as a lesser included offense of each of the three counts of bribe receiving. Defense counsel did not want it charged, and after first asking to have it charged the People withdrew their request. The court, in its charge, submitted receiving unlawful gratuities as a lesser included offense of each of the three counts of bribe receiving in addition to the one count of receiving unlawful gratuities as originally pleaded. The defense did not except to that portion of the charge that included the lesser included offense of receiving unlawful gratuities, nor did counsel object that he had not been advised before summations of the court's intention to do so. Subsequently, the defendant was found guilty of receiving unlawful gratuities under the second count of bribe receiving (the March 1, 1974 meeting) and acquitted as to the other counts.

██ The essential difference between the two charges is that in bribe receiving a benefit must be conferred or offered or agreed to be conferred upon a public servant for the purpose of influencing his decision, whereas in receiving unlawful gratuities the benefit is conferred upon the public servant for having already engaged in official conduct which he was required or authorized to do for which he was not entitled to additional compensation. In simplified form, one is payment for doing something and the other is payment for having done something which is for the benefit of someone other than the public servant. If, upon the facts, a defendant could be found guilty of a lesser degree or an included crime, the Trial Judge must submit such lower offense (People v Mussenden, 308 NY 558). Before the court may charge a "lesser included offense", the court must be satisfied "(1) that the offense in question meets the statutory definition of a lesser included offense of the crime charged in the indictment and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense but did not commit the greater". (People v Graham, 57 AD2d 478, 482.) Additionally, the crime of receiving unlawful gratuities requires proof of elements not required to establish the crime

of bribe receiving, in that the public servant must have already engaged in official conduct "for which he was not entitled to any special or additional compensation." (Penal Law, § 200.35.) "Whenever the putative lesser crime requires proof of an element not required by the greater one, as is the case here, there is no inclusion." *(People v Acevedo,* 40 NY2d 701, 706.) Therefore, the two crimes do not have that common element enabling the same conduct to constitute both crimes. CPL 1.20 (subd 37) is clear that "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.'" Here, on March 1, 1974, the defendant met with the construction company employee who asked that certain plans be approved; clearly then, defendant could not be convicted of receiving unlawful gratuities because he had not already approved the plans, and the conviction may not stand.

As to the question of having failed to instruct counsel as to lesser included offenses, the statute (CPL 300.10, subd 3) is clear that "The court must specifically designate and submit, in accordance with the provisions of sections 300.30 and 300.40, those counts and offenses contained and charged in the indictment which the jury are to consider. Such determination must be made, and the parties informed thereof, prior to the summations." Though the parties and the court made reference to lesser included counts, the parties were not so informed, and CPL 300.30 (subd 1) makes it clear that the above-quoted section also refers to a "lesser included offense". By failing to adhere to the statutory mandate, the court deprived defense counsel of the opportunity of arguing to the jury the evidence as it related to the lesser offense. A manifest prejudice then arose in view of the distinctions between bribe receiving and receiving unlawful gratuities, and it cannot be held to constitute harmless error. (See *People v Graham,* 57 AD2d 478, 481, *supra; People v Moody,* 52 AD2d 959.)

Judgment, Supreme Court, New York County (G. ROBERTS, J., and a jury), entered March 2, 1977, convicting defendant of receiving unlawful gratuities should be reversed, on the law and as a matter of discretion in the interest of justice, and the indictment dismissed.

SILVERMAN, J. P. (concurring). In *People v Skinner* (57 AD2d 785) this court reversed a conviction and directed a new trial because of various unobjected to errors, including failure

of the Trial Judge to comply with the requirement of CPL 300.10 (subd 3) that he inform the parties prior to summation of the counts and offenses he would submit to the jury. While I disagreed with the decision of this court in *People v Skinner (supra)* I note that in the present case, unlike *Skinner,* the defendant was actually convicted on the "lesser" charge of which the court had not given notice to the attorneys. Further it is clear that defendant's attorney's summation would have been different if he had known that the lesser charge of receiving unlawful gratuities would be submitted to the jury; defendant's attorney specifically said that even if defendant had received money and did nothing for it, the jury would have to acquit, a statement that was true of the charge of bribery but not of the charge of receiving unlawful gratuities. Further the charge of receiving unlawful gratuities was not so obviously a lesser included offense under bribery that we may assume that defendant's attorney could not have been surprised by its submission. Thus defendant never had a fair notice or opportunity to defend himself against the charge of which he was actually convicted. This prejudice seems to me to be sufficiently great to warrant our overlooking the failure of defendant's attorney to object to the court's error in failing to inform counsel before summation of the court's intention to submit the charge of receiving unlawful gratuities.

LANE and YESAWICH, JJ., concur with EVANS, J.; SILVERMAN, J. P., concurs in an opinion.

Judgment, Supreme Court, New York County, rendered on March 2, 1977, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the indictment dismissed.