■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN D. LETT, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed in accordance with the following memorandum: Defendant was convicted after a jury trial of the first three counts of a four-count indictment—assault in the second degree (Penal Law, § 120.05, subd 3) (causing physical injury to a peace officer with intent to prevent him from performing a lawful duty), criminal possession of a weapon in the fourth degree (Penal Law, § 265.01) and resisting arrest (Penal Law, § 205.30)—for conduct arising out of an altercation with police officers when they attempted to arrest him for going through a red light. (Defendant was found not guilty of the fourth count of the indictment—obstructing governmental administration, Penal Law, § 195.05.) The District Attorney concedes that resisting arrest is a lesser included offense of second degree assault under subdivision 3 of the statute (see *People v Discala,* 45 NY2d 38, 41-42; *People v Henderson,* 41 NY2d 233, 235; *People v Hendy,* 64 AD2d 407; CPL 1.20, subd 37) and that the count should therefore have been dismissed pursuant to CPL 300.40 (subd 3, par [b]). (See, generally, *People v Perez,* 45 NY2d 204;

*People v Pyles,* 44 AD2d 784.) The court properly refused to submit to the jury assault in the third degree (Penal Law, § 120.00, subd 1) and menacing (Penal Law, § 120.15) as lesser included offenses of assault in the second degree (Penal Law, § 120.05, subd 3). The crime of assault in the second degree (Penal Law, § 120.05, subd 3) requires proof only of an intent to prevent a peace officer from performing a lawful duty and does not require proof of intent to cause physical injury (an essential element of assault in the third degree) or of intent to place a person in fear of imminent serious physical injury (an essential element of menacing). Therefore the lesser offenses each require proof of an element which is not required to establish the greater offense and for that reason cannot constitute lesser included offenses. *(People v Baglieri,* 51 AD2d 587; see *People v Acevedo,* 40 NY2d 701; *People v Cionek,* 43 AD2d 256, affd 35 NY2d 924; *People v Weixel,* 28 NY2d 738; *People v Moyer,* 27 NY2d 252; *People v Hendy, supra.)* The judgment should be modified to reverse defendant's conviction for resisting arrest and dismiss that count of the indictment and, as so modified, affirmed. (Appeal from judgment of Erie Supreme Court—assault, second degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.