■ CAROLE R. CASCIO, Formerly Known as CAROLE R. LEVINE, Respondent, v LEONARD S. LEVINE, Appellant.—In a matrimonial action in which the plaintiff wife was granted a divorce, defendant appeals from (1) a judgment of the Supreme Court, Westchester County, dated August 22, 1978, which, inter alia, (a) granted that branch of the plaintiff's application for a money judgment in her favor against defendant in the sum of $15,384 representing arrears in child support and maintenance under the judgment of divorce and (b) denied defendant's cross motion for a downward modification of the child support payments and for a change in the visitation procedures, without prejudice to renewal of the cross motion upon proper papers and (2) a decision of the same court, dated July 5, 1978, upon which the judgment was made. Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision. Judgment modified by deleting the first decretal paragraph thereof. As so modified, judgment affirmed, without costs or disbursements, and the action is remitted to Special Term for a hearing consistent herewith. Defendant alleges that he is not financially able to pay private school tuition or for summer camp for his daughter because of financial setbacks. He notes that the judgment of divorce premises those two payments upon his financial ability. Defendant states that he has lost or disposed of real estate interests because prime tenants have gone into bankruptcy; that he has sold his interest in the South Hills Mall and Lenrich Associates for only $100,000, evidently consid-

erably less than their former value; and that he has terminated his business arrangement with a management company from whom he has received no income since March, 1978. These are more than conclusory allegations and entitle him to a hearing, especially since the judgment of divorce provides that certain payments are required of him only so long as he is financially able to make them (see, e.g., *Sarnicola v Sarnicola,* 50 AD2d 842). We do not imply any particular result by the direction that a hearing should be held. Upon the hearing, defendant may also raise the question of whether plaintiff agreed to reduce the amount of child support. Defendant may not, however, have his cross motion entertained unless he proceeds as Special Term directed. Titone, J. P., O'Connor, Martuscello and Mangano, JJ., concur.