(March 29, 1979)

■ RAYMOND J. RICE, Doing Business as RAYMOND J. RICE ENGINEERS, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered on or about January 11, 1978, unanimously affirmed for the reasons stated by Korn, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Kupferman, Sandler, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT LEWIS, Appellant.—Judgment, Supreme Court, New York County, rendered June 9, 1977 upon a jury verdict convicting defendant of criminal facilitation in the first degree and sentencing him, as a second felony offender, to a prison term of from three to six years, unanimously reversed, on the law, and the case remanded for a new trial for allegedly facilitating commission of a crime. After the evidence was closed and before the summations, the prosecution requested a charge on what was then criminal facilitation in the first degree (Penal Law, § 115.05). Although the court indicated it did not view that as a lesser included offense of criminal sale of a controlled substance in the second degree, one of the counts of the indictment, it was later persuaded to the prosecution's view and defendant was granted an exception to the charge. Despite defendant's contrary assertion, we believe the court to have been correct in its conclusion that, on the facts of this case, facilitation was a lesser included offense of the sale count. *(People v Sexton,* 50 AD2d 842.) A comparison of the Penal Law provisions involved (§§ 220.41, 115.05) supports that proposition, for to have a sale of a controlled substance it must have been "knowingly and unlawfully" effected, a standard which is not only broader than but inclusive of the narrower standard which governs criminal facilitations. In this regard it is enough merely to note that in facilitation cases it need only be shown that the défendant "believe[d] it probable" he was aiding a person who intended to commit a crime. Here two undercover agents told defendant they wished to buy heroin. His response was he did not sell it, but could get them some. After negotiating the price, they gave him $180 and as all three walked down the street together toward a seller, defendant put $20 of that money in his pocket. Defendant then approached one Raymond Lewis (not related), a known seller, offered him $160 for "three things". The seller took the money and handed the heroin to one of the undercover agents. Defendant was arrested shortly thereafter. Clearly his accessorial conduct in securing the sale was "impossible to commit * * * without concomitantly committing, by the same conduct" the crime of criminal facilitation. (CPL 1.20, subd 37.) Unfortunately, the court's indication to counsel, before summations, that it did not intend to submit criminal facilitation to the jury as a lesser included offense was reversible error. *(People v Ramos,* 59 AD2d 859; *People v Skinner,* 57 AD2d 785.) Concur—Murphy, P. J., Markewich, Silverman, Lynch and Yesawich, JJ.