◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GLOVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 19, 1980, convicting him of criminal sale of a controlled substance in the second degree, upon a jury

verdict, and imposing sentence. Judgment affirmed. No opinion. Gulotta, O'Connor and Thompson, JJ., concur.

Hopkins, J.P., and Gibbons, J., dissent and vote to reverse the judgment and order a new trial, with the following memorandum: In our view, the trial court committed reversible error by refusing to charge criminal facilitation as a lesser included offense of the sale count (see Penal Law, § 115.05). Criminal facilitation in the second degree is a lesser included offense of criminal sale (*People v Velez,* 77 AD2d 928; *People v Sexton,* 50 AD2d 842; *People v Valentin,* 73 AD2d 558). A refusal to charge can only be sustained where there is no reasonable view of the evidence which would support a finding that the defendant committed the crime of criminal facilitation but did not commit the crime of criminal sale (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364). The defendant testified that until he actually saw the cocaine on the counter, he did not know that a sale was intended. However, he also confirmed the statement of his codefendant that the "flakes" were good. As the evidence should be considered in the light most favorable to the defendant in determining whether the charge should have been given (*People v Henderson,* 41 NY2d 233, 236), such testimony sufficed as justification for the request to charge criminal facilitation and the refusal to do so was error.