■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL V. DUNBAR, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered June 13, 1980, upon a verdict convicting defendant of the crime of attempted burglary in the third degree. Defendant was convicted of attempted burglary in the third degree resulting from an incident which occurred on January 10, 1980, when he and another man were interrupted by the police outside a snack bar in the Town of Wilton. The police, acting upon information from an informant who was to be one of the perpetrators of the burglary, had staked out the premises. Two men arrived with burglar tools and walkie-talkie radios and broke the exterior building lights, at which time the police closed in. One was apprehended but defendant escaped. He was later arrested, indicted, convicted after trial and sentenced as a predicate felon to a minimum of two and a maximum of four years in prison. This appeal ensued. Defendant's argument centers upon the contention that he had not committed an overt act in furtherance of illegal entry into the premises but rather that the breaking of the exterior building lights was only part of the plan to commit burglary. We reject this contention. The statute requires that there be "con-

duct which tends to effect the commission of" the crime contemplated (Penal Law, § 110.00). "The act need not be the final one towards the completion of the offense" *(People v Sullivan,* 173 NY 122, 133), but it must "carry the project forward within dangerous proximity to the criminal end to be attained" *(People v Werblow,* 241 NY 55, 61; see, also, *People v Bracey,* 41 NY2d 296, 300). Here, defendant was interrupted by the police while breaking the outside lights on the building, obviously to conceal an entry. He had a bolt cutter with him, which is certainly a burglar's tool. These acts could hardly lead to any other inference but that the crime of burglary was in the offing. From the facts proved and the inferences that could reasonably be drawn therefrom, the jury could, and did, conclude that there was no reasonable doubt that defendant intended to burglarize the store *(People v Castillo,* 47 NY2d 270; *People v Bracey,* 41 NY2d 296, *supra).* Nor does the decision in *People v Dailey* (50 AD2d 1056), relied on by defendant, change this result. That case involved the issue of circumstantial evidence and is clearly distinguishable from the present factual pattern of direct observation of defendant's involvement. We have examined defendant's contentions of error in the charge to the jury and the denial of his request to charge that the breaking of the lights was not an overt act in furtherance of the crime, and find these contentions to be without merit. Judgment affirmed. Main, J.P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.