■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANS WERNER EARLY, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered November 13, 1980, upon a verdict convicting defendant of the crimes of attempted assault in the second degree, attempted assault in the third degree, resisting arrest and two counts of the offense of disorderly conduct. Defendant had appeared at the apartment of a female friend where he became involved in an altercation with her guest. She telephoned the police, who attempted to quell the disturbance. The instant charges arise out of defendant's ensuing altercation with the police officers when they attempted to arrest him for disorderly conduct. Following a jury trial, defendant was convicted of attempted assault in the second degree, attempted assault in the third degree, resisting arrest and two counts of disorderly conduct. Defendant raises numerous challenges to the propriety of his convictions. Initially, defendant contends that the People failed to provide adequate notice of intent to offer certain of his oral statements into evidence (CPL 710.30, subd 1). The People provided the following notice: "oral statements made on the 13th day of December 1979 to Catskill Village Police Department Patrolman Timothy Hennigan and Patrolman Jack Jessup." The record demonstrates that the subject statements were spontaneous in nature and part of the *res gestae.* Where there is no question of voluntariness, the notice of intended use need not be served upon the defendant (CPL 710.30, subd 1; *People v Greer,* 42 NY2d 170; see *People v Bostic,* 97 Misc 2d 1039). The argument is, therefore, without merit. The District Attorney concedes that the trial evidence lacked proof of the necessary element of "public" disturbance to support the disorderly conduct convictions (Penal Law, § 240.20; *People v Chesnick,* 302 NY 58). However, it does not follow that the police were not performing a lawful duty in making the disorderly conduct arrest. Defendant contends that the conviction for attempted assault in the second degree lacks proof of the necessary element of intent (Penal Law, § 120.05, subd 3). The issue here, however, is not whether an actual *public* inconvenience has been proven, but whether the officer could have reasonably believed that defendant's behavior constituted a public disturbance (see CPL 140.10, subds 1, 2). In our view, the yelling and fighting in the hallway of a four-unit apartment building at 2:30 in the morning provided sufficient reason for the officers to effect the arrest. Defendant contends the attempted assault, second and third degrees, convictions are against the weight of the evidence and that the requisite criminal intent was not established. We cannot agree. The testimony demonstrates that upon being informed he was under arrest for disorderly conduct, defendant struck the uniformed police officer about the face with his fists, but without inflicting physical injury. An attempt to commit a crime

requires both an intent and an act tending to effect the commission of the crime attempted (Penal Law, § 110.00). The mere fortuity that a physical injury was not inflicted is no defense to the charges of attempted assault (*People v Dunbar,* 84 AD2d 605; *People v Robinson,* 71 AD2d 779). The jury could properly conclude that defendant intended to prevent the arresting officer from performing his lawful duty as well as to inflict a physical injury, and that an act occurred tending to effectuate the intent (Penal Law, §§ 110.00, 120.00, subd 1; § 120.05, subd 3). We note, however, that inasmuch as the conduct and result which provide the basis for the attempted assault in the second degree conviction are essentially the same as those underlying the resisting arrest conviction, the latter conviction must necessarily be dismissed as a lesser included offense (CPL 1.20, subd 37; 300.40, subd 3, par [b]; *People v Lett,* 67 AD2d 1077; see, generally, *People v Perez,* 45 NY2d 204). Defendant's challenge to the jury impanelment process is without merit (*People v Parks,* 41 NY2d 36; *People v Liberty,* 67 AD2d 776). Similarly, his unsupported conclusory assertions that he was deprived of effective counsel are not persuasive (*People v Aiken,* 45 NY2d 394; *People v Bonk,* 83 AD2d 695). Judgment modified, on the law, by reversing defendant's convictions for the crime of resisting arrest and for two counts of disorderly conduct and by dismissing the counts of the indictment therefor, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ.