■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SAPP, Appellant. — Judgment of the Supreme Court, Queens County (Agresta, J.), rendered November 13, 1981, affirmed (see *People v Harris,* 61 NY2d 9; *People v Ramos,* 63 NY2d 640). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SILEO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 12, 1982, convicting him of attempted burglary in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The uncontroverted evidence adduced at trial was sufficient to support the court's determination that the People had proven defendant's guilt beyond a reasonable doubt (see *People v Castillo,* 47 NY2d 270, 277-278; *People v Gilligan,* 42 NY2d 969; *People v Dunbar,* 84 AD2d 605).

We have considered defendant's other contention and find it to be without merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS WAGNER, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Westchester County (Rubin, J.), imposed April 30, 1980, upon his conviction of two counts of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree, upon his plea of guilty, the sentence being three indeterminate terms of 20 years to life imprisonment on the criminal sale charges and on the criminal possession in the first degree charge and an indeterminate term of 8⅓ years to life imprisonment on the criminal possession in the second degree charge, the terms to run concurrently.

Sentence affirmed.

The minutes of the plea and sentence are unequivocal and indicate that the promise to impose concurrent terms in the instant case was fully complied with (see *People v Ramos,* 63 NY2d 640; *People v Hood,* 62 NY2d 863; *People v Frederick,* 45 NY2d 520, 526). Accordingly, the defendant is not entitled to the reduction which he seeks. The case of *People v McClinton* (43 AD2d 930), which is distinguishable on its facts, does not compel a contrary result. Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.