■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BROWN, Also Known as LEWIS BROWN, Appellant.— Judgment, Supreme Court, New York County (Francis N. Pecora, J.), rendered October 4, 1984, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him as a predicate felon to an indeterminate term of from 2 to 4 years' imprisonment, is unanimously reversed, on the law, and the matter is remanded for a new trial.

Defendant was charged with grand larceny in the third degree, arising as a result of his actions in New York County on April 5, 1984 when he allegedly stole a sum of money from

Maureen De Ridder and her friend Marcella Smith. Both women testified that on April 5, 1984, at approximately 5 P.M., while they were standing in front of 30 Rockefeller Plaza planning to attend a concert that evening at Radio City Music Hall, De Ridder took two $20 bills out of her purse and handed the money to Smith to pay her back for purchasing two tickets for the concert. Defendant, who was unknown to either De Ridder or Smith, grabbed the money from De Ridder's hands, ran through a store and out to the street and through a parking lot. Both women and a group of bystanders gave chase. Police Officer Kamin testified that while he was on patrol, he noticed the crowd and joined in pursuit of defendant, whom he apprehended in the doorway of a shoe store. During the officer's attempt to restrain defendant, Smith took her $40 from defendant's hand. Kamin handcuffed defendant, placed him under arrest and took him to the precinct after obtaining the details of the theft from De Ridder and Smith.

Kamin further testified that defendant told him that he was scalping tickets that evening and had fled, after obtaining the money, because he did not have any tickets. Defendant testified that he had been approached by De Ridder and Smith who asked if he had any tickets for the concert. Although defendant had no tickets, he told them he knew an individual who had tickets which might be available for $35 apiece. Defendant then instructed the women to follow him. He went into the store and came back out and told them to give him the money and that he would return with the tickets. Defendant testified that after De Ridder gave him $40, he walked into the store and out the side entrance, and was thereafter apprehended by the police and approximately 20 people while attempting to evade arrest. He denied that he had forcibly taken money from De Ridder. He admitted he had no tickets to the concert at any time during that evening.

In the charge to the jury the court submitted both grand larceny in the third degree, for which defendant had been indicted, and petit larceny as a lesser included offense. The court did not advise counsel before the charge that he would be submitting petit larceny to the jury.

Defendant contends, and the People properly concede, that defendant was denied due process. The right to have notice of the charges against him was denied when the court charged petit larceny as a lesser included offense without informing the defense prior to summations. The court also incorrectly indicated to the jury that defendant had conceded

that he was guilty of petit larceny and implied that the Judge believed defendant was guilty of grand larceny in the third degree.

It was plain error to neglect to inform both counsel before summation that the court intended to submit petit larceny as a lesser included offense (CPL 300.10 [4]; 300.30 [1]; *People v Garcia*, 76 AD2d 867; *People v Hendy*, 64 AD2d 407). Inherent in the guarantee of a fair trial is the right to present closing arguments *(Herring v New York*, 422 US 853). Both parties limited their summations to the issue of whether defendant had committed grand larceny premised on the fact that they were never informed that petit larceny would be charged. We are not to speculate as to what defense counsel would have argued had counsel been informed of the court's intention, nor as to its impact on the jury *(People v Skinner*, 57 AD2d 785; *People v Reilly*, 105 AD2d 716; *People v Lewis*, 68 AD2d 862; *People v Richards*, 67 AD2d 893). Such error is not harmless simply because the jury, as here, convicts defendant of the greater offense *(see, People v Richards, supra; People v Ramos*, 59 AD2d 859).

The issue was preserved by defense counsel's objection and request for a mistrial. Moreover, the obligation to inform the parties of the charges to be submitted is a "positive duty imposed on the court by the statute" *(People v Skinner*, 57 AD2d, at p 786).

The error was particularly harmful since the issue of whether defendant had grabbed the money (grand larceny in the third degree) or deceived De Ridder into handing him the money (petit larceny), or merely planned to scalp tickets that he was about to get from someone else, involved conclusions that the jury could have drawn from the conflict between the testimony of the People's witnesses and that of defendant.

Had defense counsel known that petit larceny would be submitted to the jury he might have argued only that defendant was an "honest" scalper. The court compounded the error by indicating to the jury that if they believed defendant's testimony, defendant would nevertheless be guilty of petit larceny.

It would require pure speculation to say that "a summation 'given with full knowledge of the precise charges to be submitted, might not reasonably have altered the verdict' " *(People v Willis*, 107 AD2d 1058, 1059, quoting *People v Skinner*, 57 AD2d, at p 786). Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.