John McDERMOTT, Petitioner–
Appellant,

v.

JUSTICES · OF THE SUPREME
COURT, STATE OF NEW YORK,
NEW YORK COUNTY; Budd G.
Goodman, Honorable J.S.C.; Eliot
Spitzer, Attorney General, State of
New York, Respondents–Appellees.

No. 01–2459.

United States Court of Appeals,
Second Circuit.

March 6, 2002.

Ronald L. Kuby, Law Office of Ronald
L. Kuby, New York, NY, for Appellant.

Robin A. Forshaw, Assistant Solicitor
General of the State of New York (Daniel
Smirlock, Deputy Solicitor General, on the
brief), for Eliot Spitzer, Attorney General
of the State of New York, New York, NY,
for Appellees.

Present LEVAL and CALABRESI,
Circuit Judges, DEARIE, District Judge.*

### SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT
IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the order of the
district court be and it hereby is **AF-
FIRMED.**

Petitioner John McDermott appeals the
dismissal of his petition for habeas corpus

---

* The Honorable Raymond J. Dearie, United
States District Judge for the Eastern District
of New York, sitting by designation.

**764**

by the United States District Court for the Southern District of New York. The petitioner seeks to vacate his 1999 New York state conviction for second degree assault, resisting arrest, and obstruction of governmental administration in the second degree. He challenges the sufficiency of the evidence introduced against him at trial. Under New York law, each offense for which he was convicted requires as an essential element that the police acted lawfully. *See* N.Y. Penal Law §§ 120.05 (second degree assault); 205.30 (resisting arrest); 195.05 (obstructing governmental administration). McDermott argues that the police acted unlawfully because they lacked probable cause when arresting him for disorderly conduct. He contends that a lawful arrest for disorderly conduct under New York law requires a public presence, and that the government failed to present any evidence suggesting the presence of anyone besides himself and the police.

Viewing the evidence in the light most favorable to the government, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational juror could have found that the arresting officer had probable cause to conclude that petitioner was either intentionally or recklessly creating a risk of "public inconvenience, annoyance, or alarm." N.Y. Penal Law § 240.20. Although there was no evidence at trial indicating whether passersby observed petitioner's conduct, the police had probable cause to assume a public presence, as the trial testimony established that the event occurred on a public street in New York City and that three persons had been present a few minutes earlier. Petitioner's disruptive conduct in midtown Manhattan was significantly different from the setting in *People v. Munafo,* 50 N.Y.2d 326, 331, 428 N.Y.S.2d 924, 406 N.E.2d 780 (1980), where the disruption occurred on a "secluded stretch" of private farmland "far

removed from any public thoroughfare or business or residential area."

Further, New York courts have found probable cause to exist in arrests for disorderly conduct even in the absence of a specific showing of a crowd gathering. *See, e.g., People v. Early,* 85 A.D.2d 752, 445 N.Y.S.2d 252, 254 (3d Dept.1981) (finding probable cause to exist for a disorderly conduct arrest when the defendant yelled and fought in the hallway of a four-unit apartment building at 2:30 in the morning, despite the lack of a public gathering).

Accordingly, the judgment of the district court is **AFFIRMED.**