■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MANDRACHIO, Appellant.—Judgment of conviction of murder and attempted murder, Supreme Court, Bronx County, rendered October 10, 1975, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial directed, to be held before another Justice. Despite strong evidence of guilt in this sordid case, prejudicial errors in the charge require that it be tried again. Defendant-appellant was charged with murder of one Edwards and an attempt to murder one Santiago. The latter and Christine Norris, lady friend of defendant, were the chief witnesses at the trial. The evidence may be summarized briefly. Edwards, Norris and defendant had been drinking wine all day, and also injested some pills, at defendant's residence. During the evening, defendant returned from the bathroom to find Edwards making sexual advances to Norris, who, as well as the others, was drunk. He had partially disrobed her but, because of her condition, she could not recall the extent to which this had advanced. She testified, however, that defendant, angered, began to fight Edwards, and

stabbed him. She ran for help to Santiago's room in the same building. Defendant followed her and, finding the two together, stabbed Santiago as well. All this was verified by Santiago. Defendant claimed that, on leaving the bathroom, he was attacked by Edwards with a knife, and that, in turn, he procured a knife and retaliated, how many times he could not recall, having been in a frenzy. Further, he said, he and Santiago together disposed of Edwards by throwing him out a window. The medical evidence was that his body contained a high percentage of alcohol, and that death was caused by spinal fracture as well as the stab wounds. Quite obviously, defendant's version of the events formed a basis for a charge of justification, whether addressed to self-defense, duty to retreat from attack in one's own home, even if the original aggressor, or to prevent a crime when one believes that rape is taking place. Though this would have become a jury question had the request been acceded to, the court decided the issue by flatly rejecting the request. Whether this refusal in itself would have sufficed as sufficient prejudicial error to require reversal need not be pursued further, because that error was compounded by the charge on intent, plainly a vital ingredient in both homicide charges. After a sufficient charge on intent and the factors to be considered in determining the existence of this completely subjective aspect, the court gratuitously added the following: "The individual whose intent is sought to be ascertained may remain silent, or if he speaks he may, and probably will, if he had a crime to conceal, speak an untruth and thus the mind is compelled from necessity to refer to the actual physical manifestation of the intent exhibited by the results produced as not only proof of the fact to be ascertained." Defendant had admitted the killing of Edwards. The quoted instruction was therefore susceptible of the inference that by the act of killing, itself, defendant had manifested the intent so to do. Further, that one in such a situation "probably will * * * speak an untruth". This error infected the case of attempted murder as well, since intent is an essential requirement of proof of an attempt to commit a crime. The cited errors are of sufficient constitutional dimension to have deprived defendant of a fair trial, regardless of whether or not objection was made by trial counsel. Therefore, we do not find it necessary to consider other claimed errors in respect of defendant's capacity, being drunk, to have intelligently comprehended *Miranda* warnings. Neither do we reach the court's refusal to admit, in aid of the claim of justification, evidence of the decedent's reputation for violence, or of defendant's state of mind. There should be a new trial. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.