THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE BASIR, Appellant.—Judgment of the County Court, Westchester County, rendered January 3, 1978, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO BRACE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 11, 1976, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, J. P., Titone and Shapiro, JJ., concur.

Cohalan and Margett, JJ., dissent and vote to reverse the judgment and order a new trial, with the following memorandum: Prior to the trial the defendant was notified that the People intended to introduce an admission allegedly made by the defendant to the arresting officer. At a suppression hearing this admission, "F___ it, I did it", was held admissible as a spontaneous declaration. Two months later, at the trial, a detective who indicated that he was present at the arrest, testified that the defendant stated, in the presence of the detective and the arresting officer, "All right, I threw him out the window." The defendant was not given any notice prior to the trial that the People intended to introduce this statement. The defendant's trial counsel failed to object to the introduction of this statement. In the interest of justice, we have reviewed the defendant's argument with regard to that statement (see CPL 470.15, subd 6, par [a]). We hold that the failure to inform the defendant of the People's intent to introduce the latter admission was a violation of the statutory mandate of CPL 710.30 (subd 1) and, under the facts of this case, warrants a reversal of the judgment of conviction and a new trial. We have considered the other arguments raised by the defendant, and find them to be without merit.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAVIS, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed January 25, 1977. Sentence affirmed (see *People v McGowen,* 42 NY2d 905). Mollen, P. J., Hopkins, Damiani and Shapiro, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DEMPSEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1975 (the date on the clerk's extract is May 22, 1975), convicting him of robbery in the second degree, assault in the second and third degrees and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of assault in the second degree and grand larceny in the third degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. On the facts of this case, assault in the second degree and grand larceny in the third degree are inclusory concurrent counts of the robbery count. Accordingly, the judgment is modified by reversing the convictions of those crimes and dismissing the said counts (see CPL 300.30, subd 4; 300.40, subd 3, par [b]). Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.