■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC RICHARDS, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 11, 1978, convicting defendant of assault in the second degree, and sentencing him thereupon to a term of three and one-half to seven years, unanimously reversed, on the law, and the matter remanded for a new trial. Defendant was charged with two counts of assault and a related charge of possession of a dangerous weapon, as a misdemeanor. The charges arose out of a Riker's Island incident in which defendant, an inmate, allegedly struck a correction officer attempting to restrain him from leaving his cell without authorization. According to the People, defendant struck the officer in the face with a food tray, and then punched him in the chest and shoulder. Count No. 1 of which defendant was ultimately acquitted, charged him with assault in the second degree predicated upon an intent to prevent a peace

officer from performing a lawful duty. (Penal Law, § 120.05, subd 3.) Count No. 2, of which defendant was convicted, charged him with assault by means of a dangerous instrument, i.e., the tray. (Penal Law, § 120.05, subd 2.) Before summations defendant requested that the court submit assault in the third degree as a lesser included offense under both assault counts, based upon the victim's testimony that defendant had repeatedly punched him in the chest and shoulder. The court refused. This was error as to Count No. 2 since there existed a reasonable view of the evidence to support a finding that defendant had committed only the lesser offense, especially since the jury might reject the theory that the tray was a dangerous instrument. (See Penal Law, § 10.00, subd 13.) After summations were concluded and the jury had been sent home for the day, the court advised counsel that it had changed its decision and would submit assault in the third degree as a lesser included offense under Count No. 2. Inherent in the guarantee of a fair trial is the right to present closing arguments. *(Herring v New York,* 422 US 853.) In recognition of this precept, CPL 300.10 (subd 3) requires that the trial court's determination of the charges to be submitted for the jury's consideration "must be made, and the parties informed thereof, prior to the summations." In the circumstances of this case, the court's failure to advise defense counsel that assault in the third degree would be submitted as a lesser included offense deprived defendant of the right to an effective summation. In essence, defendant was left with only the argument that the People's version of the assault should be disbelieved in its entirety. This deprivation of a fundamental right compels the granting of a new trial. *(People v Ramos,* 59 AD2d 859; *People v Skinner,* 57 AD2d 785.) The charges preserved for retrial are possession of a dangerous instrument, the assault charged in Count No. 2, and, if the evidence on the retrial warrants, the lesser included offense of assault in the third degree. (CPL 470.55, subd 1; 300.40, subd 3, par [b].) The possession count, as well as assault in the third degree, were submitted in the alternative but, in accordance with the court's charge, the jury did not consider them after defendant was convicted on Count No. 2. Parenthetically, we note that the court's charge on intent, which asserted that if an individual speaks "he may, and probably will, if he had a crime to conceal, speak an untruth", is identical to the charge which we found to be defective in *People v Mandrachio* (63 AD2d 622). Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.