■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WACHS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 10, 1981, convicting him of three counts of offering a false instrument for filing in the second degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Defendant was indicted for three counts of the class E felony of offering a false instrument for filing in the first degree (Penal Law, § 175.35). After a nonjury trial, he was convicted of three counts of the lesser included offense of offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law, § 175.30). The trial court failed to specifically designate and state upon the record and before summation the offenses upon which it would render a verdict. Neither party requested the court to consider the lesser included offense of which defendant was ultimately convicted and defendant made no posttrial motion to set aside the verdict because of the court's failure to advise him before summation that it would consider that lesser included offense. Upon this appeal, defendant contends, among other things, that the trial court's omission constituted a violation of CPL 320.20 (subd 5) and thereby deprived him of an effective summation. The People candidly concede that the court's omission was improper but argue that such error was harmless beyond

a reasonable doubt. As defendant failed to object or apply for relief from the verdict based upon the claim now raised upon appeal, he failed to preserve the error of law under discussion for appellate review (*People v Thomas,* 50 NY2d 467; *People v Patterson,* 39 NY2d 288, 294-295; CPL 470.05, subd 2), and, in view of the overwhelming evidence of guilt, we cannot conclude that a reversal is warranted as a matter of discretion in the interest of justice (CPL 470.15, subd 3, par [c]; *People v Crimmins,* 36 NY2d 230). The elements of the crime of offering a false instrument for filing in the first and second degrees are identical but for the requirement of the first degree charge that the defendant intended to defraud the State or any political subdivision thereof (compare Penal Law, § 175.35, with § 175.30). At bar, there is ample evidence on the record that defense counsel in his summation was cognizant of the application of both the charged crime and its lesser included offense as they related to defendant's action. Since counsel did unquestionably address the fact that the instrument proffered by defendant would not warrant conviction for the crime of offering a false instrument for filing, either as a felony or a misdemeanor, and did make mention of the second degree charge, it may reasonably be assumed that his summation would not have been altered in any substantial way had he been properly informed of the offenses the court would consider and that defendant was in no way prejudiced by the court's error (see *People v Vicaretti,* 54 AD2d 236; cf. *People v Farmer,* 90 AD2d 106). We have reviewed defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.