■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LEE PETERSON, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 19, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree. The facts are undisputed. Sometime between the hours of 8:00 A.M. and 1:00 P.M. on April 2, 1981, someone entered the home of James Cooper and stole checks, savings passbooks and assorted coins. At trial the evidence showed that defendant, a black male, lived near the Cooper residence at the time of the burglary. On the morning of the crime, a neighbor saw two black males, both unidentified, walk past the Cooper home. There was nothing inherently suspicious about their actions. At approximately 1:00 P.M. on the same day, New York State Trooper Martin stopped defendant on Route 209 in Ulster County to issue a citation for hitchhiking. When defendant demanded to be taken before a Judge, Trooper Martin transported him to the State Police barracks in Ellenville where he instructed defendant to stay within his line of sight while he called a local Judge. While Trooper Martin was on the phone, defendant moved out of his line of sight for a period of approximately 30 seconds. During this brief interval Trooper Martin heard something fall. When he went to investigate, Trooper Martin observed a plastic cup which had fallen from a coat rack. As he replaced the cup, Trooper Martin found, lying on the coat rack shelf, the checks and passbooks taken from the Cooper residence earlier that day. After it was established that no other individuals, other than authorized personnel, could have placed the stolen property on the coat rack shelf, defendant was arrested. Following arraignment defendant was searched and found to be in possession of $2.45 in vintage coins, mostly consisting of nickels and dimes. Coins of a like nature had also been taken from the Cooper residence. Thereafter, defendant was indicted for the crime of burglary in the third degree and convicted of the charge following a jury trial. On this appeal defendant contends, *inter alia,* that the trial court committed reversible error when, at the close of the People's case, it denied defendant's motion to dismiss the indictment. We agree. A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein (Penal Law, § 140.20). To establish burglary in the third degree, the prosecution must demonstrate that the intruder entered the premises without license or privilege and that the intruder was aware of the fact that he had no license or privilege to enter the premises. Next, it must be established that the intruder knowingly entered or remained in the building with the intent to commit a crime therein. While the prosecutor need not establish what particular crime the intruder intended to commit, nor that the intended crime was ever committed, it is essential that an entry into the premises be established (*People v Ennis,* 37 AD2d 573, affd 30 NY2d 535). There was absolutely no proof offered in this case which demonstrated that defendant entered the Cooper residence (cf. *People v Dudwoire,* 95 AD2d 878). Even if the jury had concluded that defendant was one of the two men seen walking past the house

on the morning of the crime, an identification which was not positively made by the witness, such circumstantial proof would not constitute legally sufficient evidence showing that defendant illegally entered or remained in the Cooper home (see CPL 290.10, subd 1; 70.10, subd 1), an essential element of the crime charged. In the absence of such critical proof, it was error for the trial court to deny the motion made by defendant at the close of the People's case to dismiss the indictment. Judgment reversed, on the law and indictment dismissed. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.