Cyril EDWARDS, Petitioner-Appellant,

v.

E.W. JONES, Superintendent, Great Meadows Correctional Facility and Robert Abrams, Attorney General of the State of New York, Respondents-Appellees.

No. 62, Docket 83–2044.

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1983.

Decided Nov. 1, 1983.

Irving Anolik, New York City, for petitioner-appellant.

Janet M. Berk, Asst. Dist. Atty., Kings County, Brooklyn, N.Y. (Elizabeth Holtzman, Dist. Atty., Kings County, Barbara D. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for respondents-appellees.

Before FEINBERG, Chief Judge, and FRIENDLY and NEWMAN, Circuit Judges.

FEINBERG, Chief Judge:

Cyril Edwards appeals from a judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, J., denying Edwards's petition for a writ of habeas corpus under 28 U.S.C. § 2254. After a trial in the state court in September 1979, the jury acquitted Edwards of intentional murder, but found him guilty of the lesser included offense of man-

slaughter in the first degree. The jury also found him guilty of felony murder predicated on robbery or attempted robbery. He was sentenced to concurrent prison terms of 15 years to life and 12½ to 25 years. His conviction was affirmed without opinion by the Appellate Division, 83 A.D.2d 994, 443 N.Y.S.2d 965 (2d Dep't 1981), and leave to appeal was denied by the New York Court of Appeals, 55 N.Y.2d 750, 447 N.Y.S.2d 1033, 431 N.E.2d 981 (1981). Edwards challenges his detention on the grounds that at his trial in the New York Supreme Court, he was deprived of his Sixth Amendment rights and was denied due process. For the reasons given below, we affirm the judgment of the district court.

## I.

Appellant Edwards was tried in connection with the death by stabbing of Jorge Ferriera in Brooklyn in November 1977. Appellant's first trial ended in a hung jury.[1] At his second trial, the prosecution's case rested in large part on the testimony of George Robinson, who was the only witness to implicate Edwards directly.. Robinson testified substantially as follows: On the evening of November 4, he, Ferriera and two other individuals, known to Robinson only by their "street names," were selling marijuana in Martin Luther King Park in Brooklyn. A car with three people in it drove up and someone from inside the car called for Robinson and his group to come over. When none of the group did, the three people left the car and approached Robinson's group. Robinson was able to identify two of the individuals as appellant Edwards and his brother, Jackie. Robinson further testified that appellant questioned the Robinson group as to whether they had broken into a "reefer house," a place where marijuana was sold. When Robinson's group denied involvement in the break-in, appellant asked, "Why did you do it," pulled out a kitchen knife and stabbed Ferriera. At this point, Robinson and the two others "panicked," and ran toward the park exit

leaving Ferriera behind. When Robinson looked back, he saw appellant going through Ferriera's pockets and the other two assailants stabbing him. Robinson also saw appellant throw his knife toward a fence in the park.

Robinson admitted that he did not report the incident to the police for some two months and did so only after he was arrested in Queens in connection with a burglary and questioned about various incidents in Brooklyn. Until this time, Robinson testified, he was unaware of Ferriera's death. Robinson also testified he was on probation for assault at the time of the killing and that he was serving a four-year sentence for possession of stolen property at the time of his testimony. However, Robinson stated that he had received no promises in return for his testimony and that he had been unaware that the Brooklyn District Attorney's Office had asked for the lowest possible bail on the stolen property charge.

Robinson's testimony was corroborated in certain aspects and contradicted in others by Robert Kelly, Jr., the other eyewitness. Kelly, a New York City corrections officer, was also in the park on the evening of the stabbing. Kelly testified substantially as follows: A group of about five young people left a pre-1970 model car and approached "a couple" of individuals. One of the latter group ran away as his companion was punched and beaten up. As the crowd dispersed and the attacked man fell to the ground, Kelly saw something thrown toward a park fence and heard the sound of "metal hitting metal." When he reported this to the investigating officers, a knife was recovered at the scene. Kelly was unable to identify any of the assailants.

## II.

Appellant's first argument on appeal is that the trial court violated his due process rights when it denied him the Sixth Amendment right "to be informed of the

---

1. The state informs us that Edwards's brother, an alleged accomplice in the crimes charged, was tried separately and acquitted.

nature and cause of the accusation" against him. The precise claim is that the trial court's failure to inform defense counsel that it would charge the lesser included offense of manslaughter prevented counsel from appropriately addressing such a charge. Judge Nickerson rejected this argument on the merits and also ruled that even if there had been error in this regard, it was harmless. Although we by no means suggest that Judge Nickerson's rulings were incorrect, we do not reach those issues because we believe that appellant's failure to object to the charge waived his right to raise the claim in federal court.

Section 300.10–4 of the New York Criminal Procedure Law (McKinney 1982)[2] requires a court to inform the parties prior to summation of all counts and offenses charged in the indictment which the jury is to consider. This section incorporates Section 300.30–1 of the New York Criminal Procedure Law (McKinney 1982),[3] which defines "submission of a count" as including submission of a lesser included offense. See also *People v. Richards,* 67 A.D.2d 893, 894, 413 N.Y.S.2d 698 (1st Dep't 1979); *People v. Hendy,* 64 A.D.2d 407, 410, 409 N.Y. S.2d 736 (1st Dep't 1978).

**2.** § 300.10–4 reads, in relevant part, as follows:

The court must specifically designate and submit, in accordance with the provisions of sections 300.30 and 300.40, those counts and offenses contained and charged in the indictment which the jury are to consider. Such determination must be made, and the parties informed, thereof, prior to the summations. In its charge, the court must define each offense so submitted. . . .

**3.** § 300.30–1 reads as follows:

"Submission of a count" of an indictment means submission of the offense charged therein, or of a lesser included offense, or submission in the alternative of both the offense charged and a lesser included offense or offenses. When the court "submits a count," it must, at the least, submit the offense charged therein if such is supported by legally sufficient trial evidence, or if it is not, the greatest lesser included offense which is supported by legally sufficient trial evidence.

**4.** § 470.05–2 reads as follows:

For purposes of appeal, a question of law with respect to a ruling or instruction of a

However, New York also has a contemporaneous objection rule which requires that an objection or exception to "a ruling or instruction" be lodged at the time of such ruling or instruction or "at any subsequent time when the court had an opportunity of effectively changing the same." N.Y.Crim. Proc.Law § 470.05–2 (McKinney 1971).[4] In *People v. Wachs,* 93 A.D.2d 846, 461 N.Y. S.2d 73 (2d Dep't 1983), the trial court sitting as the trier of fact did not state prior to summation that it would consider the lesser included offense for which the defendant was ultimately convicted. *Wachs* held that since the defendant failed to object or apply for relief from the verdict from the trial court, he failed to preserve the error in law for appellate review. See id. at 847, 461 N.Y.S.2d 73. The court also held that in view of the overwhelming evidence of guilt, reversal as a matter of discretion in the interest of justice under N.Y. Crim.Proc.Law § 470.15 (McKinney 1971) was not warranted. See also *People v. Thomas,* 50 N.Y.2d 467, 471–74, 429 N.Y. S.2d 584, 407 N.E.2d 430 (1980).

It is undisputed that in this case appellant did not object to the state trial judge's instruction on the lesser included offense of manslaughter. If the Appellate

criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

Judge Nickerson also noted that N.Y.Crim. Proc.Law § 300.50–1 (McKinney 1982) required a contemporaneous objection to "error" regarding "submission" of lesser included offenses. We need not decide whether both, or only one, of these sections required Edwards to object contemporaneously, since it is clear that under New York law at least one of them did.

Division did affirm on procedural grounds, then habeas review is precluded since there was an adequate and independent state ground for affirming the conviction, unless appellant can show cause for failure to object and prejudice from the alleged constitutional violation. See *Wainwright v. Sykes,* 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–2508, 53 L.Ed.2d 594 (1977). However, Judge Nickerson noted that in the absence of a written opinion by the Appellate Division, it was difficult to tell whether that court affirmed the conviction because of Edwards's procedural default or whether the court affirmed on the merits.

Our recent decision of *Martinez v. Harris,* 675 F.2d 51 (2d Cir.), cert. denied, —— U.S. ——, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), clarified the law in this circuit on this point. In *Martinez,* the defendant claimed that the trial judge's supplemental charge to the jury violated his due process rights. The defendant, however, failed to object at trial and the Appellate Division affirmed without opinion. *Martinez* considered the issue of "how to interpret the silence of that court" when the prosecutor argued for affirmance both on procedural grounds and on the merits to the state appellate court. Id. at 54. We there held that in such circumstances "we feel justified in assuming that the Appellate Division does not exercise its discretion under [the 'interests of justice' section in N.Y.Crim.Proc.Law § 470.15 (McKinney 1971)] and decide a case solely on the merits of a claim, unless it says so." Id. at 54 (footnote omitted); see also *Phillips v. Smith,* 717 F.2d 44, 50–51 (2d Cir.1983); *Johnson v. Harris,* 682 F.2d 49, 51 (2d Cir.), cert. denied, —— U.S. ——, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982). Accordingly, the due process claim in *Martinez* was barred by an adequate and independent state ground absent a showing of cause for failing to object and prejudice from the alleged violation. See *Wainwright v. Sykes,* supra.

*Martinez* controls this case. Appellant claims that the lesser included offense charge, given without notice after summation by counsel, violated his Sixth Amendment and due process rights. However, at trial, Edwards failed to object to the charge. In the Appellate Division, when Edwards raised these issues for the first time, the state argued in the alternative both the procedural bar and the merits. Since the Appellate Division affirmed without opinion, under *Martinez* Edwards's claims are barred from federal habeas review by an adequate and independent state ground unless he can show cause and prejudice. No such showing was made here.

It is not completely clear whether appellant's complaint is that he did not want the lesser included offense charge given, thereby presenting the jury with a choice between murder or nothing, or that he was glad it was given but objects that he was not allowed to argue it. On the first hypothesis, we see no reason why defense counsel could not have objected to the lesser included offense charge either when the judge began it or when he had concluded it. If counsel had done the first, presumably the judge would have retracted it. However, after the charge here, the judge specifically asked counsel whether there were "any exceptions to the charge," to which Edwards's counsel replied in the negative. On the other hand, if the defense was content with the charge but wished to argue to the jury that if they believed the defendant was the perpetrator, the People's evidence did not show intent to kill rather than to injure, the only additional point that was raised by the lesser included offense charge, there is nothing to indicate that the judge would not have allowed this. Moreover, if this is the complaint, as it seems to be, there was no prejudice since the jury convicted on the lesser included offense.

In addition, the same attorney represented Edwards at both trials and could not have been unduly surprised by the lesser included offense charge at the second trial, since the judge at the first trial had given it. It is conceivable that if counsel was sure that the judge at the second trial would charge manslaughter as well as murder, counsel would have asked the jury to return either a verdict of intentional murder or nothing, thus negating a possible

compromise verdict. However, on this record, where defense counsel argued Edwards's freedom from guilt of any sort, focusing on why the identifying witness George Robinson should not be believed, such a scenario was extremely unlikely. In sum, appellant has not demonstrated cause and prejudice under *Wainwright v. Sykes,* supra.

### III.

Appellant's second argument on appeal is that there was insufficient evidence to convict him under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We need not discuss this contention at length. While *Jackson* created a duty to consider a federal constitutional claim based upon insufficiency instead of complete absence of evidence, "the standard enunciated in *Jackson* remains a difficult one for petitioners to meet." *Gruttola v. Hammock,* 639 F.2d 922, 927 (2d Cir.1981). Viewing the evidence in the light most favorable to the state, a rational trier of fact could have found Edwards guilty beyond a reasonable doubt. See *Jackson v. Virginia,* supra, 443 U.S. at 319, 99 S.Ct. at 2789.

We have held that "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." See *United States v. Danzey,* 594 F.2d 905, 916 (2d Cir.), cert. denied, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979) (citations omitted). While George Robinson's testimony and character were less than inspiring, his testimony was, in fact, corroborated in such important respects as that a knife was thrown to the ground by one of the assailants. Moreover, Edwards's counsel was able to explore Robinson's credibility on cross-examination and argue its weakness in summation. As the district court observed, this was "not a case in which the sole witness was uncertain of his identification ... [n]or is it one of testimony incredible as a matter of law." On this record, we cannot say that the jury improperly evaluated Robinson's demeanor or reached an irrational verdict.

We have examined all of Edwards's contentions and find them without merit. The judgment of the district court is affirmed.

NEWMAN, Circuit Judge, concurring in the result:

I concur in the result, but write separately to express my respectful disagreement with what I believe is an ill-advised application of the forfeiture rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In this Circuit we have been confronted with a series of habeas corpus petitions submitted to district courts after criminal convictions have been affirmed by New York state courts without opinion. Until today we have been willing to hold that silent affirmance by the state courts implies reliance on a state law procedural default only when the defendant in the state court failed to observe "a well-known rule of trial practice, whose observance would have afforded the trial court an opportunity to avoid the problem" complained of in the habeas corpus petition. *Taylor v. Harris,* 640 F.2d 1, 2 n. 3 (2d Cir.), cert. denied, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981). In *Martinez v. Harris,* 675 F.2d 51 (2d Cir.), cert. denied, —— U.S. ——, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), and *Taylor v. Harris, supra,* the defendant had failed to make a contemporaneous objection to the jury charge. In *Gruttola v. Hammock,* 639 F.2d 922 (2d Cir.1981), where the Appellate Division's affirmance was cryptic, though not entirely silent, *id.* at 929, the defendant had failed to move for suppression of identification testimony. The assumption that the state appellate court had rested its affirmance on a procedural default, brought to its attention by the prosecutor's appellate brief, was entirely warranted in those cases, since the requirement of contemporaneous objection was well established and prompt objection would have afforded opportunity to correct any error that may have occurred.

Our inference of state court reliance on procedural default in these cases was also consistent with the Supreme Court's promulgation of the forfeiture rule. In *Sykes,*

the Court presumed that unexplained affirmance by the state courts rested on procedural default—failure to object to the admission of a confession—because the Court could confidently say that the state courts' presumed reliance on procedural default was "quite consistent with a line of Florida authorities interpreting the rule in question as requiring a contemporaneous objection." 433 U.S. at 85–86, 97 S.Ct. at 2506. *See County Court of Ulster County, N.Y. v. Allen,* 442 U.S. 140, 150, 99 S.Ct. 2213, 2221, 60 L.Ed.2d 777 (1979) (determining that *rejection* of challenge to sufficiency of evidence and to evidentiary presumption did *not* rest on state procedural grounds in the absence of a "clear contemporaneous-objection policy").

In this case, petitioner is not complaining about the jury charge. He does not dispute that the evidence warranted the trial judge's instruction concerning the lesser included offense of manslaughter. His claim of constitutional error is that his attorney was not given notice that such an instruction would be given. This lack of notice, he contends, deprived him of his Sixth Amendment right to the effective assistance of counsel because his attorney was required to argue to the jury without knowledge of all the offenses for which the jury was to be permitted to convict.

In 1979, when petitioner was tried, there was no "clear" New York procedural requirement of a contemporaneous objection when a trial court fails to tell counsel in advance of summation the offenses the jury will be permitted to consider. It is doubtful that there was any requirement. Petitioner's complaint does not challenge the "submission" of a lesser included offense, for which contemporaneous objection is required, N.Y.Crim.Proc.L. § 300.50(1) (McKinney 1982), nor does it appear to concern a "ruling or instruction," for which contemporaneous protest or its equivalent is required to preserve an issue for appeal, N.Y.Crim.Proc.L. § 470.05(2) (McKinney 1971). It is true that four years after petitioner's trial the Appellate Division ruled that failure to object to lack of notice, prior to summation, concerning a lesser included offense at a bench trial forfeits appellate consideration of the error, *People v. Wachs,* 93 A.D.2d 846, 461 N.Y.S.2d 73 (2d Dep't 1983). However, petitioner's counsel can hardly be held to have failed in 1979 to comply with a requirement not announced until four years later, even if we assume that the New York courts would extend *Wachs* to a jury trial.

When the majority in this case reckons with petitioner's claim that his lawyer was denied notice of the lesser included offense instruction, it suggests that the trial judge might have allowed a second jury summation if defense counsel had requested one after hearing the jury charge. I think most trial lawyers would not relish the opportunity to reappear before a jury to argue that at most the evidence supports a verdict of manslaughter after having made an initial argument that the defendant is entirely innocent. The obvious difficulties of making such alternative arguments are markedly exacerbated when the fallback position is put forth as an afterthought, rather than as part of a carefully conceived unitary presentation. But even if the opportunity for a second summation would have been adequate, petitioner has not forfeited his constitutional claim by failing to seek such an "opportunity." His claim is that the Sixth Amendment assured him an opportunity to have his counsel make a coherent argument to the jury with prior notice of all the offenses the jury would be permitted to consider. He did not forfeit that claim by failing to seek a different summation opportunity, one which he views as constitutionally deficient.

I fully agree with the majority that to whatever extent petitioner may be considered to be complaining about the trial court's jury instruction, his failure to make a contemporaneous objection is a forfeiture under *Sykes.* But petitioner's real claim is lack of notice prior to summation, and the issue is whether silent affirmance by the Appellate Division should be presumed to rest on a forfeiture of that claim. I recognize the possibility that the majority might be right in assuming that the Appellate

Division relied on a procedural default. But none of us can be certain of that fact or even reasonably sure. It seems to me just as likely that the Appellate Division did not even pause to consider procedural default and affirmed because the error was harmless in the circumstances of this case.[1] That, of course, would be a ruling on the merits.

What concerns me about the majority's inference from state court silent affirmance in this case is the prospect that in some future case where a procedural default is arguable, but not clear, the Appellate Division will silently affirm after deciding that there was neither procedural default nor a valid claim on the merits, and we will then affirm the denial of habeas corpus relief because we mistakenly presume state court reliance on procedural default even though we think a constitutional error affecting substantial rights has occurred. Perhaps identifying that risk now will serve as a caution to some future panel not to presume state court reliance on procedural default when the default is unclear but the merits of the constitutional claim are strong. Of course, the state courts could easily remove all ambiguity in their summary affirmances by indicating, with no more than a citation to N.Y.Crim.Proc.L. § 470.-05(2) (McKinney 1971), their reliance on procedural default. Until they do so, I think it is the safer and sounder course to presume that a silent affirmance rests on procedural default only when the defendant failed to observe "a well-known rule of trial practice," *Taylor v. Harris, supra,* 640 F.2d at 2 n. 3, such as the requirements for objection to a jury charge or evidence, or for most pretrial procedural challenges.

1. As Judge Nickerson pointed out, the Appellate Division, when it affirmed in 1981, might have thought that the failure to give notice, which is required by state law, N.Y.Crim. Proc.L. § 300.10(4) (McKinney 1982), presented an issue available for review without objection at trial. Prior to the affirmance of petitioner's conviction in the state court, the Appellate Division for the First Department had held that failure to give counsel timely notice of a lesser included offense instruction constituted

Believing that silent state court affirmance cannot be presumed to indicate reliance on procedural default in this case, I nonetheless concur in the judgment of affirmance, agreeing with Judge Nickerson that if an error of constitutional dimension occurred, it was harmless beyond a reasonable doubt. Defense counsel fully argued his contention that the evidence of his client's participation in the victim's death was unworthy of belief. What counsel lacked was an effective opportunity to argue that, even if the jury credited the evidence, no offense greater than manslaughter was proven. That deficiency, which would have been prejudicial if the jury has convicted petitioner of murder, became harmless when the jury convicted on the lesser included offense of manslaughter.

"deprivation of a fundamental right," *People v. Richards,* 67 A.D.2d 893, 894, 413 N.Y.S.2d 698, 699 (1st Dep't 1979), and the New York Court of Appeals had stated that in some circumstances "no objection is necessary to preserve a point of law for appellate review when the procedure followed at trial was at basic variance with the mandate of law prescribed by Constitution or statute." *People v. Thomas,* 50 N.Y.S.2d 467, 471, 429 N.Y.S.2d 584, 586, 407 N.E.2d 430, 432 (1980).