■ In the Matter of LAUREL TYSON, Respondent-Appellant, v HARRISON CENTRAL SCHOOL DISTRICT, Appellant-Respondent, and JOSEPH CARBONE, as Superintendent of Schools, Respondent. — Appeal by the Harrison Central School District from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered August 3, 1983, as provided that from petitioner's salary of $30,914 for the period September 1, 1981 through June 20, 1982, there be deducted the sum of $7,728.49, representing a penalty of three months' salary, in accordance with a determination of the tenure hearing panel convened pursuant to section 3020-a of the Education Law; the petitioner cross-appeals from so much of said judgment as, provided that there be deducted from her salary for said period the additional sum of $4,892.72, representing a salary deduction for the delay in the tenure hearing attributable to petitioner. ¶ Judgment modified, on the law, by deleting from the third decretal paragraph thereof the sum of $7,728.49, and substituting therefor the sum of $9,274.20. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ The uncontroverted evidence adduced at the hearing before Special Term established that petitioner's salary for the period September 1, 1981 through June 30, 1982 was $30,914. Accordingly, the sum to be deducted, as a penalty of three months' salary, in accordance with the determination of the hearing panel convened pursuant to section 3020-a of the Education Law, amounts to $9,274.20 (see Education Law, § 3101, subd 3). ¶ We have considered the contentions raised on petitioner's cross appeal and find them to be without merit. Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND ANDREWS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Felig, J., at suppression hearing; Goldberg, J., at trial and sentence), rendered December 13, 1979, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. ¶ Judgment affirmed. ¶ The circumstantial evidence is more than sufficient to sustain the conviction (see *People v Dordal,* 55 NY2d 954; *People v Benzinger,* 36 NY2d 29) and the motion to suppress was properly denied (*People v Chestnut,* 51 NY2d 14, cert den 449 US 1018; *People v Boodle,* 47 NY2d 398, cert den 444 US 969; *People v Rivera,* 67 AD2d 867). ¶ Insofar as defendant claims that the 27-day delay between the conclusion of summations and the verdict after a nonjury trial violated CPL 350.10 and the due process clause, we note that the defendant did not protest the length of the adjournment and, indeed, acquiesced in it. Thus, the issue has not been preserved for appellate review (CPL 470.05, subd 2; see *People v South,* 41 NY2d 451, 453-454). Reversal is not warranted in any event since the court's actions were reasonable (the Judge was to be transferred to Staten Island the next day and would not be returning to Brooklyn for 27 days) and defendant was not prejudiced. ¶ Finally, the sentence imposed was commensurate with the seriousness of defendant's crimes and there is no basis for us to substitute our discretion for that of the sentencing court. Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.