■ In the Matter of NICHOLAS R. M., JR., Appellant.—Appeal from a dispositional order of the Family Court, Suffolk County (Auperin, J.), dated March 30, 1984, which brings up for review a fact-finding determination of the County Court, Suffolk County (Mallon, J.), dated December 12, 1983, which, after a nonjury trial, found appellant guilty of acts which, if committed by an adult, would have constituted two counts of the crime of sexual abuse in the third degree.

Fact-finding determination and order of disposition affirmed, without costs or disbursements.

Appellant failed to raise objections in the trial court to the errors asserted on appeal, and, therefore, failed to preserve those errors for appellate review (see, People v Thomas, 50 NY2d 467). We further note that the trial court's failure to advise defense counsel before summation that it would consider lesser included offenses does not warrant reversal in the interest of justice because the record indicates that counsel acknowledged that the prosecutor may have made out a prima facie case as to the lesser included offenses, but argued that the prosecution's witnesses were not sufficiently credible to sustain findings that appellant committed the lesser offenses. In fact, counsel vigorously attacked the credibility of those witnesses in his summation (see, People v Wachs, 93 AD2d 846).

Furthermore, the trial court did not commit error in reserving decision for one week after the trial. This delay was reasonable in light of the circumstances of the case (see, People v South, 41 NY2d 451, 454). Moreover, no prejudice to appellant was demonstrated as a result of this brief delay (cf. People v O'Brien, 86 Misc 2d 139).

Finally, viewing the evidence in the light most favorable to the prosecution, the essential elements of the crimes of sexual abuse in the third degree were established beyond a reasonable doubt and there is no reason to reverse the fact-finding determination in the interest of justice (see, People v Contes, 60 NY2d 620, 621). Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.