■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BUSUTTIL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered July 12, 1984, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Linakis, J.), of those branches of defendant's motion which sought suppression of statements and physical evidence.

Judgment affirmed.

The hearing court properly denied defendant's motion to suppress his statements and certain physical evidence seized from his house at the time of his arrest. Defendant's claim that Miranda warnings should have been given to him earlier and before he admitted that he was with the codefendants on

the night of the robbery is based on the erroneous assumption that *Miranda* warnings must be given to people suspected of having engaged in criminal activity, and is without merit. The court in *Miranda v Arizona* (384 US 436) held that the prosecution may not use statements stemming from custodial interrogation of the defendant, unless it demonstrates that the four appropriate warnings were given and defendant waived his rights. Criminal Term's finding that defendant was not in custody at the time he gave his statements to the police is supported by the evidence *(see, Matter of Kwok T.,* 43 NY2d 213; *People v Rodney P.,* 21 NY2d 1; *Matter of Matthew O.,* 91 AD2d 1093; *People v Munro,* 86 AD2d 683).

Defendant's right to an adjudication of his youthful offender status was waived inasmuch as he made no assertion at the time of sentence that he was entitled to such an adjudication *(see, People v McGowen,* 42 NY2d 905; *People v Lopez,* 81 AD2d 675; *People v Davis,* 66 AD2d 801). Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.