■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STEVEN J. DI MARCANTONIO, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered April 21, 1983, convicting him of burglary in the first degree, after a nonjury trial, and sentencing him to an indeterminate term of 2 to 6 years' imprisonment.

Judgment affirmed.

There being no indication in the record that defendant requested youthful offender status at the time of sentencing, he must be deemed to have waived such relief *(see, People v McGowen,* 42 NY2d 905; *People v Busuttil,* 115 AD2d 655). Furthermore, even had such a request been made and denied, the facts at bar are not such as would warrant the award of youthful offender status. Defendant alternatively requests that his sentence be reduced to the minimum allowable term in the interest of justice (CPL 470.15 [3]). However, the evidence before the sentencing court led to the reasonable conclusion that a minimum of two years was necessary to carry out the rehabilitative and other objectives of our sentencing laws *(see, People v Suitte,* 90 AD2d 80, 85-86).

The requirement that a verdict following a nonjury trial be rendered within a reasonable time (CPL 320.20 [3] [d]; *People v South,* 41 NY2d 451, 454) was not violated by the seven-day delay between completion of the four-day trial and the rendition of a written decision. Although CPL 320.20 (5) was technically violated when the trial court neglected to designate and state upon the record, prior to summation, the counts upon which it would render a verdict, since defendant was convicted of an offense specified in the indictment, and not of any lesser included offenses, the error was harmless beyond a reasonable doubt *(see, People v Pitello,* 97 AD2d 801).

No abuse of discretion was committed in denying defendant's request for a continuance pending determination of the codefendant's motion to dismiss. Finally, sufficient evidence supported the conviction of defendant for burglary in the first degree, since it could reasonably be concluded that an andiron, thrown into the victim's face at eye level by defendant, was a dangerous instrument capable of causing serious physical injury *(see,* Penal Law § 140.30 [3]; § 10.00 [13]). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.