THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS K. HAMPTON, Appellant.

The arresting officer testified that upon his arrival at the complainant's house in response to a radio call, he observed the defendant lying on the floor with a stab wound in his back. After asking the complainant "what happened?" and

receiving an explanation that the defendant had broken into his house, the officer turned to the defendant and asked the same question. In response, the defendant admitted that "he came in and he didn't think anybody was home, and he was surprised and he got in a struggle and he got stabbed". The statement was properly admitted, since the single question, asked of each individual, was not in the nature of interrogation but was rather a necessary preliminary inquiry "designed to clarify the nature of the situation" (see, People v Huffman, 41 NY2d 29, 34). Until the officer got both individuals' explanations, the appearance of the situation was sufficiently ambiguous to require clarification before taking any police action.

It is conceded by the People that the trial court erred in failing to notify the parties prior to summation that it would consider a lesser included offense (see, CPL 320.20 [5]). However, the defendant failed to preserve the issue for review by not applying for relief from the verdict, and exercise of our interest of justice jurisdiction is not warranted. The defendant was in no way prejudiced by the error since the defense summation could not have been altered in any substantial way had he been properly informed of the offenses the court would consider (see, People v Wachs, 93 AD2d 846, 847).

We have considered the defendant's final contention and find it to be without merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.