■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH WOODLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered June 27, 1985, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Criminal intent is an element of the crime of burglary in the third degree and evidence of intoxication can be offered to negate that intent (see, Penal Law §§ 15.05, 15.25, 140.20). In this case, the defendant testified that on the evening of January 6, 1984, before the crime had occurred, he had become intoxicated and fell asleep at his aunt's house. According to the defendant, he did not awaken until 9:30 in the morning on January 7, almost seven hours after the crime took place. Such testimony, however, was not offered to negate

the requisite intent. It attempted rather to establish an alibi defense by explaining how the defendant could not have been physically present at the crime scene when the crime took place (see, People v Kehn, 109 AD2d 912).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was observed and identified by a close friend of 20 years while the defendant carried property from the front yard of the burglarized home across the street towards a vacant home. This is not a case in which the defendant was never identified as being at the scene (see, People v Peterson, 96 AD2d 683); nor is this a case where the defendant was merely observed on rooftops in the vicinity of the burglarized premises (see, People v Martinez, 72 AD2d 551). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, a Justice sitting in a nonjury trial must render a verdict within a reasonable time after the close of trial (see, CPL 320.20, 350.10; People v South, 41 NY2d 451). Nevertheless, the issue of the reasonableness of the claimed delay in the trial court rendering a verdict must be preserved for appellate review by timely objection (see, People v Thomas, 50 NY2d 467), and since the defendant in this case never objected to the alleged delay, the issue has not been preserved for review. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.