■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ASSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 1, 1987, convicting him of attempted murder in the first degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the eighth count of the indictment charging attempted assault in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for imposition of a sentence upon the sixth count of the indictment charging criminal possession of a weapon in the second degree.

Although the Trial Judge did not state, prior to the defense counsel's summation, the counts upon which he intended to render a verdict, the defendant failed to preserve the issue for review by not applying for relief from the verdict (see, People v Hampton, 124 AD2d 675, lv denied 69 NY2d 746; People v Wachs, 93 AD2d 846), and exercise of our interest of justice jurisdiction is not warranted.

The defendant's further contention that he was deprived of a meaningful opportunity to present a summation is without merit.

We note that since the court erroneously imposed sentence upon the eighth count of the indictment, upon which defendant was acquitted, this portion of the sentence must be vacated. Further, as the court failed to impose sentence upon the sixth count of the indictment, upon which defendant was found guilty, we remit this matter for sentencing on that count. We have reviewed the remainder of the sentence im-

posed, and find that it is not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.