■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE EDWARD WIMES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his claim that he was denied his constitutional right to a speedy trial. He failed to move to dismiss the indictment on speedy trial grounds or to object to the claimed unreasonable delay in completing the nonjury trial and rendering a verdict *(see,* CPL 470.05 [2]; *see also, People v Woodley,* 141 AD2d 587, 588). Were we to address this issue in the interest of justice, we would conclude that defendant's right to a speedy trial was not violated *(see, People v Taranovich,* 37 NY2d 442, 445). The delay between the first and second days of trial appears to have been occasioned by court scheduling and assignment, an excuse which " 'weighs less heavily' " against the People *(People v Watts,* 86 AD2d 964, 965, *affd* 57 NY2d 299; *see also, People v Johnson,* 38 NY2d 271, 279). Moreover, the 18-day delay between summations of counsel and the court's rendering its verdict in this nonjury trial was, on this record, not unreasonable. The court reporter who transcribed the testimony on the first day of the trial was unavailable at the conclusion of the trial and the court stated that it desired to have that testimony reread before rendering its verdict *(see,* CPL 320.20, 350.10; *People v South,* 41 NY2d 451; *People v Di Marcantonio,* 117 AD2d 612, *lv denied* 67 NY2d 882; *Matter of Nicholas R. M.,* 112 AD2d 371; *People v Andrews,* 102 AD2d 894).

Finally, we reject defendant's contention that his conviction of attempted sexual abuse in the first degree is not supported by legally sufficient evidence *(see,* Penal Law § 130.65 [1];

§ 110.00; *People v Bleakley,* 69 NY2d 490, 495; *People v Bracey,* 41 NY2d 296, *rearg denied* 41 NY2d 1010). (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—robbery, third degree; attempted sexual abuse, third degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.