■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALDRON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered June 8, 1988, convicting him of assault in the first degree (three counts), criminal possession of stolen property in the third degree (two counts), reckless endangerment in the first degree, assault in the second degree (four counts), criminal mischief in the second degree, and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that counts 2 and 3 (assault in the first degree) and counts 10 and 11 (assault in the second

degree) of the indictment were so vague as to warrant their dismissal because they did not adequately apprise him of the operative facts constituting the crimes of assault in the first degree and assault in the second degree. However, this contention has not been preserved for appellate review, inasmuch as the defendant did not raise it in his omnibus motion *(see,* CPL 210.20, 210.25; *People v Iannone,* 45 NY2d 589, 600; *People v Wong,* 133 AD2d 184, 185; *People v Di Noia,* 105 AD2d 799, 800, *cert denied* 471 US 1022).* In any event, although counts 2, 3, 10 and 11 of the indictment did not specify the victim of the alleged assaults, that information was provided "by a bill of particulars * * * designed to insure that the defendant [was] supplied with sufficient information to properly prepare his defense (CPL 200.90). [Thus] the defendant [was] adequately and timely informed of the precise nature of the charges he [was] to meet" *(People v Fitzgerald,* 45 NY2d 574, 580).

In addition, the defendant's convictions on count 1 (intentional assault in the first degree) and count 2 (reckless assault in the first degree) were neither repugnant nor inconsistent *(see, People v Moloi,* 135 AD2d 576, 577-578).

The defendant's further contention that the court never rendered a verdict on counts 16 and 17 of the indictment is without merit. At the end of the trial, on May 4, 1988, the court rendered a verdict with respect to the first 15 counts of the indictment. Thereafter, on May 15, 1988, the court rendered a verdict on the sixteenth and seventeenth counts of the indictment. No issue is preserved for appellate review with respect to the delay in rendering the latter verdict *(see, People v Woodley,* 141 AD2d 587, 588; *People v Andrews,* 102 AD2d 894).* In any event, we find that the court's delay was reasonable *(see, People v Di Marcantonio,* 117 AD2d 612, 613; *People v Andrews, supra).*

The defendant's other contentions are unpreserved for appellate review or without merit. Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.