■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MUNN, Appellant.—Judgment unanimously affirmed. Memorandum: Following a bench trial, defendant was convicted of rape in the first degree (Penal Law § 130.35 [1]). On appeal, he argues that the 18-day delay between the close of proof and the rendering of a verdict denied him his right to a prompt verdict *(see,* CPL 320.20 [3] [d]; 350.10 [3] [d]; *People v South,* 41 NY2d 451). Inasmuch as defendant failed to object to the delay, that issue has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Waldron,* 162 AD2d 485, 486; *People v Wimes,* 151 AD2d 1035, *lv denied* 74 NY2d 822; *People v Woodley,* 141 AD2d 587, 588; *People v Andrews,* 102 AD2d 894; *cf., People v Hryn,* 144 AD2d 961). In any event, under the circumstances of this case, the delay was not unreasonable as a matter of law *(see, People v South, supra).*

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we conclude that the testimony of the defense witnesses presented a question of credibility for the court to resolve, and its resolution of that issue is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, Drury, J.—Rape, 1st Degree.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.