■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN R. KLOSKA, Appellant. [595 NYS2d 78] —Appeals by the defendant from four judgments of the County Court, Suffolk County (Namm, J.), all rendered October 30, 1990, convicting him of robbery in third degree under Indictment No. 877/89, robbery in the second degree (four counts), and attempted robbery in the third degree under Indictment No. 944/89, robbery in the second degree under Indictment No. 314/90, and robbery in the second degree (three counts) under Indictment No. 379/90, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was charged in a series of indictments for his involvement in a string of robberies that occurred over a two-month period in Suffolk County, wherein he acted solely as the so-called "wheelman" for the perpetrator, who has since pleaded guilty to charges arising out of these indictments.

We agree with the defendant's contention, as conceded by the People, that the trial court erred in failing to inform him, prior to summations, that it would be considering the lesser-included offenses of robbery in the second degree and attempted robbery in the third degree in rendering its verdicts *(see,* CPL 320.20 [5]). However, upon our review of the record, we find this error to be harmless, as it cannot be said that the defense counsel's summation would have been affected by the knowledge that these lesser-included offenses would be considered by the trier of fact *(see, People v Taylor,* 164 AD2d 922, 923; *People v Hampton,* 124 AD2d 675, 676; *People v Montgomery,* 116 AD2d 669, 671).

Moreover, there is no merit to the defendant's contention that the People violated the principle of *Brady v Maryland* (373 US 83) by failing to turn over, until after the start of the trial, several police robbery worksheets containing discrepancies in some of the complaining witnesses' descriptions of the perpetrator and by failing to provide the defense with the results of nearly 20 lineup viewings of the perpetrator *(see, People v Vilardi,* 76 NY2d 67; *People v White,* 178 AD2d 674, 675; *People v Nedrick,* 166 AD2d 725; *People v Jemmott,* 144 AD2d 694, 696; *People v Alongi,* 131 AD2d 767, 768-769). Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.