■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D., Appellant. [689 NYS2d 897] —Adjudication unanimously affirmed. Memorandum: We reject the contention of defendant that the evidence is insufficient to support his conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]) because the People failed to prove that he touched the victim's vagina for the purpose of gratifying sexual desire (*see*, Penal Law § 130.00 [3]). The sexual gratification element may be inferred from the conduct itself (*see, People v Dehler*, 216 AD2d 643, 644, *lv denied* 86 NY2d 734; *Matter of Olivia YY.*, 209 AD2d 892). We further reject the contention that the People failed to present sufficient proof corroborating defendant's statement to the police (*see*, CPL 60.50). The People presented corroborative proof placing defendant at the crime scene (*see, People v Lipsky*, 57 NY2d 560, 571, *rearg denied* 58 NY2d 824), and "there was additional corroborative evidence presented by the victim's prompt outcry" (*People v Bott*, 234 AD2d 625, 626, *lv denied* 89 NY2d 1009; *see, People v Cordero*, 257 AD2d 372).

Defendant failed to preserve for our review his contention that the 28-day delay between the conclusion of the trial and the verdict deprived him of his right to a prompt verdict (*see, People v Munn*, 184 AD2d 1061, *lv denied* 80 NY2d 932) and that the indictment does not sufficiently specify the time period in which the crime was committed (*see, People v Harris*, 150 AD2d 723, 724). We decline to exercise our power to review

those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Adjudication of Ontario County Court, Henry, Jr., J.—Youthful Offender.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.